IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**ERIC YOUNG, individually and on
behalf of all others similarly situated,**

      **Plaintiff,**

**v.**                                                   **CIVIL ACTION NO. 5:16-cv-09788**

**ACT FAST DELIVERY OF WEST
VIRGINIA, INC.** *et al.***,**

      **Defendants.**

## O R D E R

The undersigned previously found that sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure were appropriate in this matter as a result of Defendants Act Fast Delivery of West Virginia, Inc. and Act Fast Delivery, Inc. (hereinafter referred collectively as "Act Fast") conduct with regard to Plaintiff's discovery requests. (Document No. 96.) Pursuant to the undersigned's instructions, Plaintiff submitted his petition for Rule 37 sanctions (Document No. 101.), Act Fast submitted its response to same (Document No. 111.), to which Plaintiff filed his reply. (Document No. 132.) Accordingly, this issue is now full briefed and ready for determination of the appropriate sanctions.

For the reasons stated below, the undersigned **GRANTS** Plaintiff's Petition for Rule 37 Sanctions. (Document No. 101.)

Arguments:

In his Petition, Plaintiff attached several exhibits including the affidavits of the four attorneys and one paralegal involved detailing the amount of time each expended in the prosecution, research, document review, and drafting of pleadings concerning Plaintiff's Motion

to Compel, Reply Concerning Plaintiffs' Motion to Compel, and Motion for Leave to File Supplement to Reply after having received addition production from Act Fast. (Document Nos. 70, 80, 93.) In sum, Plaintiff requests this Court to order Act Fast to pay his attorney fees in the amount of $40,434.00 and for any additional relief as may be just and equitable.

In response, Act Fast asserts that the fees and expenses Plaintiff has requested should be reduced, and specifically contests those sums related to the preparation of Plaintiff's Supplement to Reply Concerning Plaintiff's Motion to Compel. (Document No. 111 at 3.) First, because those fees and expenses were not preceded by the Rules requirement for a meet and confer; second, Act Fast produced the requested discovery, it was only a dispute concerning the *form* of those productions that arose afterwards; third, these fees and expenses involved document review, typical litigation expenses; and fourth, the fees and expenses connected to Thomas Goodwin, Esq. are redundant and unnecessary. (Id. at 3-4.) Act Fast also contends that the claimed fees and expenses need to be reduced to prevailing market rates in this district. (Id. at 4.)

Act Fast further argues that two issues raised in Plaintiff's Supplement were not discussed by the parties: the organization of the production and the production of non-responsive family members. (Id. at 5.) There is no rule or governance in this district with respect to the format of electronically stored information ("ESI"), and therefore Act Fast demonstrated good faith and was justified in producing a "reasonably usable" TIFF format native Microsoft Excel files as agreed upon by the parties. (Id. at 7-8.)

With respect to the reduction of attorney fees and expenses, Act Fast explains that such sums should be excluded from the meet and confer process and from normal document review, which are not allowable pursuant to Rule 37, as the only fees and expenses allowed are those associated with the failure to comply with discovery. (Id. at 9-10.) Act Fast asserts that the

expenses associated with Mr. Goodwin are excessive and redundant to those expenses associated with Ms. Wittemeier and Mr. Kirby, and further, were associated with Plaintiff's Supplement, and should therefore be excluded altogether. (Id. at 11.) Finally, Act Fast proposes that the hourly billing rates claimed by Plaintiff's attorneys should be reduced in compliance with prevailing market rates, specifying that the rates for Mr. Kirby, Mr. White and Ms. Washington appear compliant, however, the rates for Ms. Wittemeier and Mr. Goodwin should be reduced to $350 per hour. (Id. at 11-13.)

In reply, Plaintiff asserts that Act Fast's production of the electronically stored information was made after business hours on a Friday, and were wholly inadequate in response to Plaintiff's requests. (Document No. 132 at 3.) Further, Plaintiff did meet and confer prior to filing the Motion to Compel, and further, was not required to meet and confer *again* regarding the numerous deficiencies identified in the Supplement filed afterwards. (Id. at 5.) Plaintiff argues that Act Fast's conduct was egregious, and cites its counsel's Motion to Withdraw as further evidence of that conduct. (Document No. 100.) (Id.) The Motion to Withdraw highlights Act Fast's continued conduct in this case: it refused to abide by this Court's order to comply with discovery requests, and now is accused of refusing to pay its own counsel. (Id.)

Contrary to Act Fast's assertion otherwise, Plaintiff disagrees that it was justified in producing the format of the ESI, because there was no discussion or agreement regarding the organization of this discovery; further, Act Fast failed to identify or alert Plaintiff that two fields were pulled from the metadata in contradiction to its representation to this Court that Act Fast would produce this material as it maintained same in the ordinary course of business. (Id. at 6.) As a result, Plaintiff expended considerable time and expense searching for attachments that were removed from Act Fast's production as "non-responsive." (Id.) More importantly, Plaintiff argues

that Act Fast's representation to this Court that those attachments were pulled because they did not respond to Plaintiff's production requests were false. (Id. at 7.)

Plaintiff further contends that its expenses associated with the attorney fees for document review in preparation for the hearing on the Motion to Compel should be granted, because Act Fast's production deficiencies were substantial, and considerable court time was also expended by Plaintiff's counsel to demonstrate to Act Fast's counsel the specific documents existed that Act Fast failed to produce. (Id. at 7-8.) Had Act Fast timely produced the documents in response to Plaintiff's requests in the manner kept in the ordinary course of business, and without pulling such documents responsive to Plaintiff's requests, so much time did not have to be wasted by Plaintiff in order to point this out. (Id. at 8.)

Moreover, Plaintiff states that its attorney fees and expenses associated with the meet and confer process that occurred after Plaintiff filed its Motion to Compel, and also because Act Fast failed to participate meaningfully during the informal conference on these discovery disputes with the Court. (Id. at 8-9.) All the time entries except for 1.2 hours concern fees and expenses associated with Plaintiff's Motion to Compel, and pertained to those issues subject to the Motion. (Id.)

Mr. Goodwin's work was not duplicative, but complementary to the work necessary to prosecute the Motion to Compel; due to Act Fast's withholding of critical information, and because of the importance of the Motion to Compel, Plaintiff appropriately staffed its most experienced litigators on this issue. (Id. at 9.) Further, contrary to Act Fast's argument, Mr. Goodwin's and Ms. Wittemeier's billing rates are within the prevailing market rates in this district, and several recent cases in this district have seen hourly billing rates for experienced attorneys at $400 and $550. (Id. at 10-11.)

In sum, Plaintiff asks that the Petition for Sanctions be granted in its entirety as the conduct demonstrated by Act Fast justifies it. (Id. at 11.)

Pertinent Legal Authorities:

If a court grants a motion to compel, then Rule 37(a)(5) of the Federal Rules of Civil Procedure compels the court to require the party or the attorney to pay the reasonable expenses, including attorney fees, incurred by the movant, unless one of three exceptions occurred: one, that the movant filed the motion before attempting in good faith to obtain the discovery without court action; two, the opposing party's nondisclosure, response or objection was substantially justified; or three, other circumstances make an award of expenses unjust. This district requires parties to an action to meet and confer as to virtually all discovery disputes that would cause a party to file a motion to compel. Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., 246 F.R.D. 522, 525 (S.D.W. Va. 2007).

This Court granted Plaintiff's Motion to Compel (Document No. 70.) on June 7, 2017 following the hearing on June 6, 2017. (Document No. 96.) Relative to the arguments raised herein, this Court also granted Plaintiff's Motion for Leave to File Supplement (Document No. 93.) to its reply in connection with the Motion to Compel that same day. The undersigned recalls that Plaintiff demonstrated good cause to file the Supplement when Act Fast produced over 14,000 pages of documents after 5:00 p.m. on a Friday, however, counsel for Act Fast could not confirm to the undersigned during the hearing whether Act Fast's supplemental production was deficient or not, or responsive or not, to Plaintiff's requests. A beguiling corollary to the production of 14,000 plus documents was that the undersigned had ordered Act Fast to specify which of those pages of disclosures were responsive to the specific enumerated request, as Plaintiff demonstrated that each page would have to be reviewed in order to determine if Act Fast responded sufficiently. Indeed,

the undersigned further recalls that Act Fast provided no reasonable excuse for its outright failure to respond to Plaintiff's discovery requests, and that Act Fast only responded after Plaintiff was forced to seek court action to ensure Act Fast's compliance with the discovery rules.

In short, none of the three exceptions provided by the pertinent legal authority exist that would preclude this Court from awarding Plaintiff his payment of the expenses and fees incurred in prosecuting not only the Motion to Compel, but also the Reply and subsequent Supplement. Act Fast's argument that such discovery disputes only arose after it produced this information is unavailing, as well as its argument that the law in this district is "unsettled" with respect to the format of ESI responsive to Plaintiff's requests for same. The undersigned previously found that for Plaintiff to review each of those documents one by one is far too time-consuming a process and frustrates the purpose of the Rules with regard to the discovery process. Moreover, it is not lost on the undersigned that this is precisely the circular argument that Act Fast has employed for several months to circumvent straightforward discovery requests, and has therefore created the costly situation it now finds itself in due to its own conduct.

The undersigned is also extremely concerned by Plaintiff's allegation that Act Fast produced discovery pursuant to the undersigned's direct order following the hearing on Plaintiff' Motion to Compel that patently disregarded the undersigned's direct order that same was to be produced in its " 'native format, un-redacted, as generated in the normal course of business" and wholly failed to advise Plaintiff that it pulled certain documents from production. (Document No. 132 at 6.) Perhaps more disturbing is that Act Fast represented to this Court that certain ESI documents were pulled that were non responsive, but Plaintiff, once again, was forced to expend considerable time to ascertain that Act Fast made a false statement in open court to that end. (Id. at 7.)

Plaintiff has more than adequately demonstrated that the attorneys' fees and other expenses related to the prosecution of its Motion to Compel subsequent related pleadings, as well as the time spent to attempt a proper meet and confer, and to review the voluminous documents disclosed, was the result of Act Fast's own misconduct.

In addition, as a result of Act Fast's blatant disregard for not only the Federal Rules of Civil Procedure, but also this Court's own direct orders, the undersigned is hard-pressed to find any good reason to reduce or discount any of the hours spent by any of the attorneys Plaintiff has retained as related to the issues raised herein. Having reviewed the prevailing market rates in the Southern District of West Virginia[1] for the experienced and accomplished attorneys involved in this matter, the undersigned disagrees with Act Fast that the billing rates demonstrated by Mr. Goodwin or Ms. Wittemeier should be reduced. Both submitted affidavits detailing their collective legal experience of eight-five years and more than adequately documented their time expended to prosecute this particular issue.

Given the conduct Act Fast has continuously demonstrated in this matter, the undersigned **GRANTS** Plaintiff's Petition for Sanctions in its entirety as requested.[2] Plaintiff is hereby awarded attorney fees in the amount of $40,434.00.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above in this non-dispositive Petition may be contested by filing within 14 days, objections to this Order with District Judge Irene Berger. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or

---

[1] Greenbrier Hotel Corp. v. Unite Here Health, No. 5:13-cv-11644, 2017 WL 2058222 (S.D.W. Va. May 12, 2017).
[2] Act Fast's conduct in this matter regarding the discovery dispute was egregious. It is hard to overstate the bad faith Act Fast displayed. In the opinion of the undersigned, such conduct cannot, and must not, be overlooked or excused by the Court. If all litigants conducted themselves in the same manner as Act Fast, litigation would become exponentially more expensive. The attorney fees being awarded in this matter is a good example of the time and money wasted by Act Fast's conduct.

contrary to law.

**IT IS SO ORDERED.**

The Clerk is directed to mail a copy of this Order to all counsel of record.

ENTER: August 10, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge