**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

ERIC YOUNG,

          Plaintiff,

v.                                  CIVIL ACTION NO.  5:16-cv-09788

ACT FAST DELIVERY OF
WEST VIRGINIA, INC., et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Motion for Conditional Certification and Hoffman-La Roche Notice* (Document 31), the *Defendant Act Fast Delivery, Inc.'s and Act Fast Delivery of West Virginia, Inc.'s Response in Opposition to Plaintiff's Motion for Conditional Certification and Hoffman-La Roche Notice* (Document 35), and the *Plaintiffs' Reply to Act Fast's Response in Opposition to Plaintiffs' Motion for Conditional Certification and Hoffman-La Roche Notice* (Document 37). The Court has also reviewed the *Omnicare Defendants' Memorandum in Opposition to Plaintiff's Motion for Conditional Certification and Hoffman-La Roche Notice* (Document 36) and the *Plaintiffs' Reply to Omnicare's Response in Opposition to Plaintiffs' Motion for Conditional Certification and Hoffman-La Roche Notice* (Document 38). In addition, the Court has reviewed all attached exhibits. For the reasons stated herein, the Court finds that the motion for conditional certification and issuance of notice should be granted.

## FACTUAL ALLEGATIONS

The Plaintiff, Eric Young, brought this purported class action against Defendants Act Fast Delivery of West Virginia, Inc.; Act Fast Delivery, Inc.; Home Care Pharmacy, LLC doing business as a variety of entities including but not limited to Omnicare of Nitro and/or Omnicare of Nitro, West Virginia; Compass Health Services, LLC doing business as a variety of entities including but not limited to Omnicare of Morgantown and/or Omnicare of Morgantown, West Virginia; Omnicare, Inc.; and other John Doe Defendants. Mr. Young alleges[1] that the Defendants' business included the delivery of medical and pharmaceutical products, and that he was employed as a dispatcher and delivery driver for the Defendants from approximately July 2012 to July 2015. Mr. Young worked out of the Defendants' Nitro, West Virginia, location as a delivery driver and made deliveries to a number of cities throughout West Virginia.

Mr. Young further alleges that, upon beginning his employment with the Defendants, he was required to sign an "Independent Contractor Agreement," and that it was his understanding that all employees hired for similar positions had to sign the same agreement. (E. Young Dec. at ¶ 5.) (Document 31-1). Because of this agreement and his classification by the Defendants as an independent contractor, he was paid based on the number of deliveries made or routes driven in the course of a week rather than by the hour. He also alleges that he was required to work more than forty (40) hours in the course of a week without receiving any overtime pay and was not permitted to negotiate his pay. He had no control over the schedule of his workday, the assignation of his deliveries, the specific routes he was to take, or even the order in which he made

---

[1] In addition to making these allegations in his complaint, Mr. Young attached a declaration and declarations of five other current or previous employees of the Defendants to his motion for conditional certification, wherein he and others recount their experiences.

deliveries. All of those were controlled and specified by the Defendants. He was also required to purchase a uniform with the Defendants' logo and wear it during every delivery, the cost of which was deducted from his pay. Therefore, Mr. Young alleges that he and other delivery drivers were subjected to the Defendants' daily control and direction in the manner in which he performed his work such that the independent contractor classification was incorrect and that he was in an employer-employee relationship with the Defendants. Five other former employees also submitted declarations describing the same or similar experiences. (Document 31-1, Ex. 2.)

The Plaintiff seeks to bring a collective action under the Fair Labor Standards Act (FLSA). In his complaint, Mr. Young defines the FLSA class as follows:

> All current and former delivery drivers classified as independent contractors who performed work for the Defendants in West Virginia during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

(Pl.'s Compl. at ¶ 61.)

The Plaintiff filed his motion seeking conditional class certification of his collective FLSA action on February 6, 2017. Both the Act Fast Defendants and the Omnicare Defendants filed their responses in opposition on February 21, 2017, and the Plaintiff replied to both on February 28, 2017. The motion is fully briefed and ripe for review.

**APPLICABLE LAW**

The FLSA permits employees with claims for unpaid minimum wages or unpaid overtime compensation to bring actions against the employer on behalf of themselves and similarly situated employees. 29 U.S.C. § 216(b). Affected employees must give consent in writing to become parties to an FLSA collective action. *Id.* Courts may facilitate notice to potential plaintiffs. *Purdham v. Fairfax Cty. Pub. Sch.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009). "The 'notice'

stage of an FLSA collective action is also known as the 'conditional certification' stage," and typically takes place early in litigation before the completion of discovery. *Id.* It is during this stage that the district court determines "'whether the plaintiffs have demonstrated that potential class members are similarly situated,' such that court-facilitated notice to the putative class members would be appropriate." *Syrja v. Westat, Inc.,* 756 F.Supp.2d 682, 686 (D. Md. 2010) (quoting *Camper v. Home Quality Mgmt. Inc.,* 200 F.R.D. 516, 519 (D. Md. 2000)). It is the plaintiff's burden to demonstrate that a potential class of similarly situated individuals exists, and the plaintiff must produce some factual evidence in support of conditional certification. *Purdham*, 629 F. Supp. 2d at 548. The standard is "fairly lenient" at the conditional certification stage. *MacGregor v. Farmers Ins. Exch.,* Civil No. 2:10–cv–03088, 2012 WL 2974679, *1 –2 (D.S.C. July 20, 2012) (quoting *Anderson v. Cagle's, Inc.,* 488 F.3d 945, 953 (11th Cir.2007). After discovery, a defendant may move to decertify the class. "At that point, the court makes a factual determination as to whether the class is truly 'similarly situated.'" *Id.* at 547.

## DISCUSSION

The Plaintiff argues that he has made a sufficient factual showing for the Court to conditionally certify the class and issue notice to delivery drivers who were employed by the Defendants in West Virginia. He attached a proposed notice of claim and consent form to be mailed to potential plaintiffs, explaining the grounds for the lawsuit and the procedure and consequences of the decision to opt-in. The Plaintiff argues that he has provided sufficient evidence to support a showing that a similarly situated group of plaintiffs exists who were subject to a single decision, policy, or plan such that conditional certification and notice are appropriate.

The Defendants contend that conditional certification is not appropriate. Both the Act Fast Defendants and the Omnicare Defendants contend that the Plaintiff has failed to establish the light burden of showing that putative class members are similarly situated, and has failed to establish a common scheme or policy that violates the FLSA. The Act Fast Defendants assert that the independent contractor agreements signed by the potential class members do not, in and of themselves, violate the FLSA, and that the Court would have to analyze every independent contractor agreement of every proposed class member to determine whether they are similarly situated to the Plaintiff. This would require "a too particularized analysis of each driver's classification to warrant conditional certification," according to the Act Fast Defendants. (Document 35 at 6.) The Act Fast Defendants also contend that the Plaintiff merely makes conclusory allegations concerning the nature of the work conditions, and therefore fails to establish that the putative class members are similarly situated.

The Omnicare Defendants similarly argue that the Plaintiff has not established that all potential class members were subject to an unlawful policy or plan because the Plaintiff's "vague and nonspecific allegations against Omnicare are insufficient to show that Omnicare treated the . . . delivery drivers in any particular fashion, let alone similarly." (Document 36, at 5). The Omnicare Defendants further counter that, even if the potential class members and the Plaintiff are similarly situated, the Northern District of West Virginia has previously found in a similar case that Omnicare and Act Fast are not joint employers, and thus Omnicare did not exercise any control over the delivery drivers at issue. See, *Dalton v. Omnicare, Inc.*, 138 F. Supp. 3d 709, 719 (N.D.W. Va. 2015). Omnicare therefore argues that conditional certification should be denied.

The Court finds that a potential class of similarly situated employees exists. Mr. Young and five other employees of the Defendants from both the Morgantown and Nitro locations provided declarations indicating that the Defendants maintained such control over the delivery drivers that they should have been classified as employees, rather than independent contractors. These declarations further indicate that this incorrect classification allowed the Defendants not to pay the drivers minimum wage during some weeks, and further not to pay the drivers overtime pay despite working in excess of forty (40) hours per week. The declarations also explain the extent to which the Defendants controlled each declarant's work, including assigning when, where, and how the drivers performed their work, up to and including deciding the order of deliveries and the routes the drivers took, issuing work schedules and requiring drivers to abide by those schedules, requiring drivers to be on call for "stat runs," requiring drivers to work weekends and holidays and requiring the drivers to purchase a uniform with the Defendants' logo and wear it on every delivery. These declarations provide the modest evidence necessary to show that a similarly situated group of potential plaintiffs exists such that conditional class certification is appropriate.

The Court finds that the Act Fast and Omnicare Defendants' arguments are without merit. The Court need not examine every single independent contractor agreement separately to determine whether each putative class member is indeed similarly situated. "At this early stage . . . the Court does not resolve factual disputes, decide substantive issues going into the ultimate merits, or make credibility determinations." *Byard v. Verizon W. Virginia, Inc.*, 287 F.R.D. 365, 371 (N.D.W. Va. 2012) (internal quotations omitted). Whether or not Omnicare and Act Fast are joint employers under the FLSA or accompanying federal regulations is not relevant concerning conditional class certification. The Plaintiff's complaint and the attached declarations provide

6

sufficient detail to satisfy the "fairly lenient standard to determine whether the plaintiffs are similarly situated." *DeLoso v. Multifresh, Inc.*, No. 5:12-CV-01165, 2013 WL 425823, at *4 (S.D.W. Va. Feb. 4, 2013). Thus, the Plaintiff's motion for conditional certification should be granted.

Finally, the Court has carefully reviewed the Plaintiff's proposed notice and finds it to be fair and appropriate. The Act Fast Defendants object to the Plaintiff's request for sensitive personal information, such as social security numbers, dates of birth, and email addresses. The Court finds that the Plaintiff's proposed method of sending the notice and consent forms by first class mail and e-mail is appropriate, and therefore finds that names, last known addresses, phone numbers, and e-mail addresses should be provided to the Plaintiff. However, the Court finds that the Plaintiffs have not evidenced a need for the social security numbers of the potential class members, and that the social security numbers therefore need not be provided. *See Byard*, 287 F.R.D. at 376-77. The Court further finds that the sixty day opt-in period provided in the notice is appropriate, but that no reminder notice is necessary given the length of the opt-in period. *Id.* at 373 (finding that a reminder notice was "both 'unnecessary' and potentially improper" given a notice period of only sixty days because "reminder notices have a tendency to both stir up litigation . . . and inappropriately encourage putative plaintiffs to join the suit.").

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion for Conditional Certification and Hoffman-La Roche Notice* (Document 31) be **GRANTED**. The Court **ORDERS** that the class be **CONDITIONALLY CERTIFIED** as defined in the Plaintiff's motion, and that, within ten (10) days of the entry of this Order, the

Defendants provide to the Plaintiffs the names, dates of birth, phone numbers, last known addresses, and email addresses of the putative class members in electronic format. The Court further **ORDERS** that the Defendants' objection to the Plaintiff's request for a reminder notice be **SUSTAINED** and that the Plaintiff's request for a second notice to be sent be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 10, 2017

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA