IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ERIC YOUNG,

                   Plaintiff,

v.                                                        CIVIL ACTION NO.  5:16-cv-09788

ACT FAST DELIVERY OF
WEST VIRGINIA, INC., et al.,

                   Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendant, Act Fast Delivery, Inc.'s, Motion for Summary Judgment Against Eric Young, Individually and on Behalf of all Others Similarly Situated* (Document 210) and *Memorandum in Support* (Document 211), the *Plaintiffs' Response to Defendant Act Fast Delivery, Inc.'s Motion for Summary Judgment* (Document 217), the *Defendant, Act Fast Delivery, Inc.'s, Reply to Plaintiffs' Response to Defendant, Act Fast Delivery, Inc.'s, Motion for Summary Judgment* (Document 237), and all attached exhibits. For the reasons stated herein, the Court finds that the motion should be denied.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Court provided the procedural history and factual background of this matter in great detail in its *Memorandum Opinion and Order* (Document 260) granting summary judgment on behalf of the Plaintiffs against the Omnicare Defendants. However, to provide context to the

1

current motion, the Court includes a brief history of the facts here. The Plaintiff, Eric Young, and other similarly situated delivery drivers, initiated this suit against Act Fast Delivery of West Virginia, Inc. (AFDWVI), Act Fast Delivery, Inc. (AFDI), and Omnicare, Inc. The Plaintiffs allege that Omnicare and both Act Fast Defendants intentionally misclassified them as independent contractors when they were, in fact, employees to avoid paying them time-and-a-half rates for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207 and 29 C.F.R. § 778.111.

Defendant Omnicare, Inc., is a pharmaceutical company that provides medications to long-term care facilities such as nursing homes. Omnicare serves as the pharmacy to these facilities and provides their prescription drug needs through a delivery service. In 2012 and 2015, Omnicare contracted with AFDWVI to serve as its delivery courier from Omnicare's West Virginia facilities. AFDI is a business entity incorporated in Texas, and AFDWVI is a business entity incorporated in West Virginia. AFDWVI and AFDI shared the same ownership and the same in-house counsel, John Jackson. AFDWVI hired the Plaintiff and other delivery drivers similarly situated to him, and handled all training and hiring procedures. However, if AFDWVI had questions or concerns about a potential hire, they filtered those questions to Mr. Jackson. (Hicks Depo at 183:12-184:14.) Employees of AFDI in its Texas office also handled payroll and sent the checks that paid AFDWVI employees. (*Id.* at 48:5-18; 109:12-110:10.)

The Plaintiff was terminated from his position as a delivery driver on July 14, 2015. Shortly thereafter, he initiated this collective action on behalf of himself and other similarly situated delivery drivers who were not paid the appropriate overtime based on their classification as independent contractors.

## STANDARD OF REVIEW

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at

*3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

Defendant Act Fast Delivery, Inc., seeks summary judgment on all of the Plaintiffs' counts. AFDI argues that it is entitled to summary judgment because the Plaintiffs' claims for relief are all appropriately filed against Act Fast Delivery of West Virginia, Inc., not Act Fast Delivery, Inc. AFDI asserts that it is a completely separate and distinct entity from AFDWVI and "has never had control over, ownership of or any business dealings with AFDWVI." (Def.'s Mem in Support at 1-2.) AFDI therefore argues that the Plaintiffs' claims are against AFDWVI only, and it should be granted summary judgment and completely dismissed from the proceedings.

The Plaintiffs counter that while AFDI and AFDWVI may be separate and distinct entities, it is untrue that AFDI did not have any control over or business dealings with AFDWVI. The

Plaintiffs contend that AFDI was heavily involved in AFDWVI's business up to managing payroll and paying the West Virginia employees, and that AFDI is therefore equally liable for the allegations set forth in the complaint.

In viewing the evidence in the light most favorable to the non-moving party, the Court finds that there is a genuine issue of material fact regarding AFDI's connections to the Plaintiffs' employment such that summary judgment is not appropriate. The Plaintiffs have presented evidence indicating that AFDI was involved with AFDWVI's operations. AFDWVI's employee, Laura Hicks, testified that AFDI in Texas handled payroll for AFDWVI. They also share the same in-house corporate counsel, John Jackson. Mr. Jackson, from his office in Texas, personally weighed in on AFDWVI's employment decisions concerning drivers. When this suit was originally initiated, AFDI and AFDWVI engaged the same law firm of Spilman Thomas & Battle[1] to represent them simultaneously. When discovery disputes arose which led to sanctions, Magistrate Judge Aboulhosn sanctioned both entities.[2]

Further, the Defendant's reliance on Judge Goodwin's opinion in *Norfolk Southern Railroad Company v. National Union Fire Insurance of Pittsburgh* is misplaced. In that case, Judge Goodwin considered whether two businesses were separate entities in the context of an anti-subrogation dispute between an insurance company and an insured. *Norfolk S. Ry. Co. v. Nat'l Union Fire Ins. of Pittsburgh, PA*, 999 F. Supp. 2d 906, 915 (S.D.W. Va. 2014) (Goodwin, J.). Here, the Plaintiffs have presented evidence that AFDI's involvement in the employment of the Plaintiffs was such that there is a genuine issue of material fact as to whether it is equally

---

1 *See*, *Motion to Withdraw as Counsel for Defendants Act Fast Delivery of West Virginia, Inc., and Act Fast Delivery, Inc.* (Document 100), wherein the law firm of Spilman Thomas & Battle moves to be dismissed as counsel for both AFDI and AFDWVI.
2 *See* Document 96

responsible for the alleged Fair Labor Standards Act violations. Based on the evidence presented, a reasonable juror could conclude that AFDI was involved in the Plaintiffs' employment, including the asserted mis-classification of the employees and the failure to pay overtime. Thus, summary judgment is inappropriate.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant, Act Fast Delivery, Inc.'s, Motion for Summary Judgment Against Eric Young, Individually and on Behalf of all Others Similarly Situated* (Document 210) be **DENIED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 8, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA