## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

| | |
|---|---|
| ERIC YOUNG, Individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 5-16-cv-09788<br>)<br>) |
| v. | )<br>) |
| ACT FAST DELIVERY OF WEST VIRGINIA, INC., et. al, | )<br>)<br>) |
| Defendants. | ) |

## **THE OMNICARE DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

The Omnicare Defendants, through counsel, submit the following Proposed Jury Instructions for review and approval by the Court. The Omnicare Defendants reserve their right to amend these Instructions and will supplement these Instructions as necessary after review of Plaintiffs' proposed instructions and rulings at trial.

Dated: <u>January 12, 2018</u>

Respectfully submitted,

JACKSON LEWIS P.C.

By <u>*s/ Marla N. Presley*</u>
Marla N. Presley, Esq.
WV I.D. No. 9771
Marla.presley@jacksonlewis.com
Bethany S. Wagner, Esq.
WV I.D. No. 11341
Bethany.wagner@jacksonlewis.com
1001 Liberty Ave., Suite 1000
Pittsburgh, Pennsylvania 15222
(412) 232-0404
(412) 232-3441 facsimile

Joseph M. Price, Esq.
WV I.D. No. 2981
jmp@ramlaw.com
David S. Russo, Esq.
WV I.D. No. 5087
dsr@ramlaw.com
W. Bradley Sorrell, Esq.
WV I.D. No. 4991
wbs@ramlaw.com
Robinson & McElwee PLLC
700 Virginia Street East, Suite 400
Charleston, West Virginia 25301

*Counsel for the Omnicare Defendants*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ iii

DEFENDANTS' JURY INSTRUCTION NO. 1 NATURE OF THE CLAIMS .......................... 1

DEFENDANTS' JURY INSTRUCTION NO. 2 PREPONDERANCE OF THE EVIDENCE ... 2

DEFENDANTS' JURY INSTRUCTION NO. 3 TESTIMONY OF EXPERT WITNESSES ..... 3

DEFENDANTS' JURY INSTRUCTION NO. 4 ELEMENTS OF CLAIM FOR OVERTIME .. 4

DEFENDANTS' JURY INSTRUCTION NO. 5 WORKWEEK ................................................. 5

DEFENDANTS' JURY INSTRUCTION NO. 6 "WORK" .......................................................... 6

DEFENDANTS' JURY INSTRUCTION NO. 7  HOURS WORKED ......................................... 7

DEFENDANTS' JURY INSTRUCTION NO. 8 DETERMINING HOURS WORKED ............. 8

DEFENDANTS' JURY INSTRUCTION NO. 9 METHOD OF COMPUTING OVERTIME .... 9

DEFENDANTS' JURY INSTRUCTION NO. 10 ELEMENTS OF CLAIM FOR MINIMUM WAGES 11

DEFENDANTS' JURY INSTRUCTION NO. 11 APPLICABLE MINIMUM WAGE RATE ... 12

DEFENDANTS' JURY INSTRUCTION NO. 12 DAMAGES .................................................. 13

DEFENDANTS' JURY INSTRUCTION NO. 13 WILLFUL VIOLATION (FOR PURPOSES OF THE STATUTE OF LIMITATIONS) ................................................................................................. 14

DEFENDANTS' JURY INSTRUCTION NO. 14 MILEAGE REIMBURSEMENT ...... **Error! Bookmark not defined.**

DEFENDANTS' JURY INSTRUCTION NO. 15 REIMBURSEMENT FOR LOST UNEMPLOYMENT COMPENSATION ....................................................................................................................... 15

DEFENDANTS' JURY INSTRUCTION NO. 16 REIMBURSEMENT FOR HEALTHCARE BENEFITS .................................................................................................................................... 16

## DEFENDANTS' JURY INSTRUCTION NO. 1
## NATURE OF THE CLAIMS

Plaintiffs have brought a claim under the Fair Labor Standards Act, also referred to as the "FLSA." The FLSA is a federal law that provides for the payment of minimum wage for each hour worked and for the payment of overtime compensation for all hours worked in excess of forty hours in one workweek, among other requirements.

An employer must pay at least minimum wage for all hours worked by an employee during each workweek. An employer must also pay an employee overtime compensation for hours worked in excess of forty hours in any workweek.

In this case, Plaintiffs claim that they were not paid the minimum wage and that they were not appropriately paid for the number of hours that they worked over forty hours in a workweek. Plaintiffs were paid a set fee by Act Fast for each route that they drove.

**Sources:**   29 U.S.C. § 202(a); 29 U.S.C. § 206(b); 29 U.S.C. § 207.

## DEFENDANTS' JURY INSTRUCTION NO. 2
## PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of Plaintiffs to prove every essential part of their claim for damages by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiffs' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Plaintiffs.

In deciding whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiffs' claim by a preponderance of the evidence, you should find for Defendants, and award Plaintiffs no damages.

**Sources:**   Eleventh Circuit Pattern Jury Instructions, Instruction No. 3.7.1 (2013); *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215 (4th Cir. 2001).

## DEFENDANTS' JURY INSTRUCTION NO. 3
## TESTIMONY OF EXPERT WITNESSES

You have heard testimony containing opinions from expert witnesses. Expert opinions are not to be accepted as facts. In weighing expert opinion testimony, you may consider the expert's qualifications, the reasons for his opinions, and the reliability of the information supporting his opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. You also may consider any bias that the expert may have, including any bias that may arise from evidence that the expert has been or will be paid for reviewing the case and testifying, or from evidence that the expert testifies regularly and makes a large portion of his income from testifying in court. Though such compensation is proper, you should receive the expert's testimony with caution and weigh it carefully.

You may give the expert's opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept the expert's opinion testimony merely because he was permitted to testify concerning his opinion and you are not bound to accept expert testimony in preference to other testimony. Nor should you substitute the expert's opinions for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you. If you find that the expert's opinions are inconsistent with proven facts, you may disregard the testimony of the expert completely.

You heard the experts testify regarding their estimation of Plaintiffs' hours worked. In considering the experts' calculations, you should consider the inferences and assumptions made in reaching their conclusions. Not all evidence in a Fair Labor Standards Act case is just and reasonable. Evidence that is statistically inadequate or based on implausible assumptions could not lead to a fair or accurate estimate of the uncompensated hours an employee worked.

**Sources:**     *Tyson Foods, Inc. v. Bouaphakeo,* 136 S. Ct. 1036 (2016).

3

## DEFENDANTS' JURY INSTRUCTION NO. 4
## ELEMENTS OF CLAIM FOR OVERTIME

To establish their overtime compensation claim, each Plaintiff must prove by a preponderance of the evidence that Defendants failed to pay him/her overtime pay for all hours worked in excess of 40 hours in one or more workweeks.

If you find that each Plaintiff did not prove that Defendants failed to pay him or her overtime pay for all hours worked in excess of forty hours in one or more workweeks, then you must find against each Plaintiff on the claim for overtime and in favor of Defendants.

If, on the other hand, you find that each Plaintiff has proved that he/she worked more than 40 hours in one or more workweeks and was not paid overtime for any hours exceeding 40 hours in a workweek, then you must find in Plaintiffs' favor and against Defendants.

**Sources:** 29 U.S.C. § 207.

## DEFENDANTS' JURY INSTRUCTION NO. 5
## WORKWEEK

"Workweek" means a regularly recurring period of seven days or 168 hours, as designated by the employer.

The workweek typically includes "all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place."

**Sources:** 29 C.F.R. § 776.4; *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680 (1946).

## DEFENDANTS' JURY INSTRUCTION NO. 6
## "WORK"

If you find that Plaintiffs are entitled to additional compensation, you must determine how many hours each Plaintiff worked per week to determine the additional compensation owed. By law, an employee is only considered to be "working" for purposes of this claim whenever he/she exerts him/herself, physically or mentally, for a task controlled or required by the employer and performs that task primarily for the benefit of that employer.

**Sources:** 4-85 Modern Federal Jury Instructions-Civil P 85.01 (2017); *Armour & Co. v. Wantock*, 323 U.S. 126 (1944); *Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590 (1944); *Guyton v. Tyson Foods, Inc.*, 767 F.3d 754 (8th Cir. 2014); *see also Steelman v. Hirsch*, 473 F.3d 124 (4th Cir. 2007) (applying reasoning and definition established in *Tennessee Coal*).

# DEFENDANTS' JURY INSTRUCTION NO. 7
# HOURS WORKED

"Hours worked" means all time spent by an employee that was primarily for the benefit of the employer or the employer's business. Such time constitutes hours worked if the employer knew or should have known that the work was being performed.

The workweek typically includes "all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place." Periods during which an employee is completely relieved of duty that are long enough to enable the employee to use the time effectively for his or her own purposes, however, are not considered "hours worked." An employee is completely relieved from duty if the employee is able to completely cease work until a definitely specified time.

It is Plaintiffs' burden to prove by a preponderance of evidence that they worked more than 40 hours in each workweek. Plaintiffs' evidence regarding their hours worked cannot be speculative. If you determine that Plaintiffs failed to prove by a preponderance of the evidence that they worked more than 40 hours in a workweek, then they are not entitled to any damages for that week.

**Sources**: *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 598 (1946); *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944); s*ee also IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005) (citing *Anderson* and *Wantock* with approval); 29 U.S.C. §§ 203(g); 29 U.S.C.S. § 254; *see also* 29 C.F.R. § 553; 29 C.F.R. § 785; Eleventh Circuit Pattern Jury Instructions, Instruction 1.7.1 (2005) (modified); 29 U.S.C. § 255-256.

## DEFENDANTS' JURY INSTRUCTION NO. 8
## DETERMINING HOURS WORKED

You must determine the number of hours worked by Plaintiffs based on all of the evidence. Plaintiffs bear the burden of proving they performed work for which they were not properly compensated.

Typically, an employer maintains records of all hours worked for its employees. In this case, Plaintiffs were classified as independent contractors not as employees, and, therefore, Defendants did not maintain records of hours worked. The Court has already determined that Plaintiffs should have been classified as employees. Accordingly, Plaintiffs may attempt to demonstrate the amount of hours they worked as a matter of just and reasonable inference through testimony or documents. Defendants may then present evidence to negate the reasonableness of the inferences to be drawn from the Plaintiffs' evidence. If the Plaintiffs are unable to demonstrate the amount of hours they worked through testimony or documents, they cannot recover damages.

**Sources:** *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Lee v. Vance Exec. Protection Inc.*, 7 Fed. Appx. 160 (4th Cir. 2001); *Baker v. Barnard Constr. Co.*, 146 F.3d 1214, 1220 (10th Cir. 1998); *see also* 29 U.S.C.S. § 254; Fifth Circuit Pattern Jury Instructions 11.24 (2014).

## DEFENDANTS' JURY INSTRUCTION NO. 9
## METHOD OF COMPUTING OVERTIME

If you determine that Plaintiffs are owed compensation for overtime, you will have to determine the amount owed. The calculation will differ depending on whether you find that Plaintiffs were compensated for all hours worked.

Defendants maintain that Plaintiffs understood that their route payments compensated them for all of the hours that they worked—whether that time was productive or nonproductive. In other words, Plaintiffs knew that they were not paid one rate for productive work—such as delivering the medications to customers—and another rate for nonproductive work—such as waiting to begin their routes. Defendants assert that there was an understanding that all of this time was covered by the same rate of pay (i.e. route payments).

If you find for Plaintiffs but also find that the payment for routes was intended to compensate Plaintiffs for all hours worked, then to determine the overtime rate, you need to divide each individual Plaintiff's total earnings by the total hours he/she worked (both productive and non-productive) in each workweek. For example, if a Plaintiff earned $500 in a week, and had 50 hours of work time, that Plaintiff's regular rate of pay would be $10 per hour.

The rate may be different for each week during the period in question. The overtime payment, if any, for each work week is then determined by multiplying any hours over 40 hours in the workweek by 1/2 the regular rate for that workweek. The amount due would be the sum total of each workweek's overtime, if any, during the relevant period of time in this lawsuit. Using the example above, the overtime rate would be one-half of the $10.00 regular rate, or $5.00 per hour.

If you find for Plaintiffs and also find that the payment for routes was not intended to compensate Plaintiffs for all hours worked, then the overtime rate would be 1.5 times the regular

9

rate for that workweek. Using the example above, the overtime would be one and a half times the $10.00 regular rate, or $15.00 per hour.

The intent to compensate Plaintiffs for all hours worked need not be evidenced in writing but may be inferred from the parties' conduct.  For example, where an employee continues to work and accept route payments for all hours of work, the employee's acceptance of payment will be deemed an agreement or understanding that the route payments were intended to compensate him/her for all hours worked.

**Sources:**     *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138-39 (5th Cir. 1988); *see Urnikis-Negro v. American Family Property Services*, 616 F.3d 665 (7th Cir. 2010); *Valerio v. Putnam Assocs. Inc.*, 173 F.3d 35 (1st Cir. 1999); *Desmond et al. v. PNGI Charles Town Gaming, LLC et al.*, 630 F.3d 351 (4th Cir. 2011); *Mahew v. Wells*, 125 F.2d 216 (4th Cir.1997); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354 (5th Cir. 1990); *Clements v. Serco, Inc.*, 530 F.3d 1224 (10th Cir. 2008).  *See* 29 C.F.R. § 778.109; *see* U.S. DEPARTMENT OF LABOR, WAGE AND HOUR DIVISION, FIELD OPERATIONS HANDBOOK §§ 32b00, 32b04a(a), 32b04b(a); 29 C.F.R. § 778.113(a); 29 C.F.R. § 778.318(c); U.S. Department of Labor, Wage and Hour Division, Opinion Letter on Method for Computing Retroactive Payment of Overtime, (Jan. 14, 2009); *Banford v. Entergy Nuclear Operations, Inc.*, 649 Fed. Appx. 89 (2d Cir. 2016) (Summary Order).

## DEFENDANTS' JURY INSTRUCTION NO. 10
## ELEMENTS OF CLAIM FOR MINIMUM WAGES

To establish the minimum wage claim, each Plaintiff must prove by a preponderance of the evidence that Defendants failed to pay him/her the $7.25 per hour minimum wage for all hours worked during one or more workweeks.

You must therefore determine whether each individual Plaintiff has proven that he/she was not paid the $7.25 per hour minimum wage for all hours worked. If you find that an individual Plaintiff has failed to prove he/she was not paid the minimum wage for all hours worked, then you must find in favor of the Defendants.

If, one the other hand, you find that each Plaintiff has proved that he/she was not paid minimum wage for all hours worked, by a preponderance of the evidence, then you must find in Plaintiffs' favor and against Defendants.

**Sources:**   29 U.S.C. § 206.

## DEFENDANTS' JURY INSTRUCTION NO. 11
## APPLICABLE MINIMUM WAGE RATE

The minimum wage rate applicable in this case is $7.25/hour.

You may have heard about other minimum wage rates that may be applicable in certain states or under certain circumstances. You must not consider any minimum wage rates other than those listed above.

**Sources:**     29 U.S.C. § 206(a) (1).

## DEFENDANTS' JURY INSTRUCTION NO. 12
## DAMAGES

To determine the amount of damages, you must determine the amount that Plaintiffs should have been paid less what Plaintiffs were actually paid.

If you find in favor of Plaintiffs, you must calculate these amounts separately for each Plaintiff for each workweek.

**Sources:**  29 U.S.C. §§ 206, 207, 216.

### DEFENDANTS' JURY INSTRUCTION NO. 13
### WILLFUL VIOLATION (FOR PURPOSES OF THE STATUTE OF LIMITATIONS)

If you find in favor of Plaintiffs and determine that Defendants failed to pay minimum wages and/or overtime, you must also determine whether this failure was willful. A willful failure to pay appropriate wages entitles Plaintiffs to recover damages for up to three years before the date the lawsuit was filed; a non-willful failure to pay appropriate wages entitles Plaintiffs to recover damages for up to two years before the lawsuit was filed.

The term "willful" has a specific legal meaning. It refers to conduct that is not merely negligent or accidental. An employer acts willfully if it knew, or showed reckless disregard for whether, its conduct was prohibited by the FLSA. An employer acts with reckless disregard when it acts, or fails to act, with a conscious lack of concern for the consequences. That means that Defendants had to know, or had reason to know of, facts that would lead a reasonable person to believe that it was violating the law. Conduct is not willful if the employer acted reasonably and in good faith in determining its legal obligations and honestly believed that it was not required to pay overtime compensation to Plaintiffs.

**Sources:** 29 U.S.C. § 255; *Rehberg v. Flowers Baking Co. of Jamestown, LLC*, 162 F. Supp. 3d 490 (W.D.N.C. 2016); *Martin v. Deiriggi*, 985 F.2d 129 (4th Cir. 1992) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)); *Calderon v. GEICO Gen. Ins. Co.*, 809 F.3d 111 (4th Cir. 2015).

**DEFENDANTS' JURY INSTRUCTION NO. 14**
**REIMBURSEMENT FOR LOST UNEMPLOYMENT COMPENSATION**

The FLSA limits the remedies available to Plaintiffs to unpaid wages and liquidated damages. Although Plaintiffs claim that they have lost unemployment compensation payments because of Defendants' failed to appropriately pay them under the FLSA, they are not legally entitled to damages under the FLSA on this basis. As such, you should not consider these amounts in awarding any damages to Plaintiffs.

**Sources:** 29 U.S.C. § 216(b); *Lowers v. Valley Diagnostic Labs., Inc.*, No. 2:16-cv-02785, 2016 U.S. Dist. LEXIS 75223 (S.D. W. Va. Jun. 9, 2016).

## DEFENDANTS' JURY INSTRUCTION NO. 15
## REIMBURSEMENT FOR HEALTHCARE BENEFITS

The FLSA limits the remedies available to Plaintiffs to unpaid wages and liquidated damages. Although Plaintiffs claim that they lost healthcare benefit payments because of Defendants' failure to appropriately pay them under the FLSA, they are not legally entitled to damages under the FLSA on this basis. As such, you should not consider these amounts in awarding any damages to Plaintiffs.

**Sources:** *Olick v. Kearney (In re Olick)*, 422 B.R. 507, 548 (Bankr. E.D. Pa. 2009).

## **CERTIFICATE OF SERVICE**

I hereby certify that the Omnicare Defendants' Proposed Jury Instructions was served upon all counsel of record via the Court's ECF system.

By *s/ Marla N. Presley*
Marla N. Presley
