IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ERIC YOUNG,

                    Plaintiff,

v.                                                 CIVIL ACTION NO.  5:16-cv-09788

ACT FAST DELIVERY OF
WEST VIRGINIA, INC., et al.,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *The Omnicare Defendants' Motion for Decertification* (Document 249) and *Memorandum of Law in Support* (Document 250), the *Plaintiffs' Response in Opposition to Omnicare's Motion for Decertification* (Document 257), and all attached exhibits. For the reasons stated herein, the Court finds that the motion for decertification should be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court set forth in great detail the factual background and procedural history of this action in its *Memorandum Opinion and Order* (Document 260) granting the Plaintiffs' partial motion for summary judgment. The Court incorporates the factual background and procedural history contained in that opinion and provides the following brief summary necessary to address this motion. The Plaintiff, Eric Young, initiated this action by filing a *Collective Action Complaint* (Document 1) in this Court on October 17, 2016. In his complaint, Mr. Young alleged

1

that the Defendants improperly classified him and other delivery drivers as independent contractors and failed to pay them the appropriate minimum wage and overtime pay. On February 6, 2017, the Plaintiff moved for conditional class certification of the matter as a Fair Labor Standards Act (FLSA) collective action on behalf of himself and all other similarly situated delivery drivers who had been employed by the Defendants. In its *Memorandum Opinion and Order* (Document 145), the Court found that the Plaintiff had submitted sufficient evidence to show that a potential class of similarly situated employees existed and granted conditional certification and notice. On January 3, 2018, the Court granted partial summary judgment on behalf of the Plaintiffs, finding that the Omnicare Defendants jointly employed the Plaintiffs for the purposes of the FLSA.

The Defendants now seek to have the conditional class decertified, and filed their motion requesting such action on December 13, 2017. The Plaintiffs responded on December 27, 2017, and the motion is therefore ripe for review.

**APPLICABLE LAW**

The FLSA permits employees with claims for unpaid minimum wages or unpaid overtime compensation to bring actions against the employer on behalf of themselves and similarly situated employees. 29 U.S.C. § 216(b). Affected employees must give consent in writing to become parties to an FLSA collective action. *Id.* Courts may facilitate notice to potential plaintiffs. *Purdham v. Fairfax Cty. Pub. Sch.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009). "The 'notice' stage of an FLSA collective action is also known as the 'conditional certification' stage," and typically takes place early in litigation before the completion of discovery. *Id.* It is during this stage that the district court determines "'whether the plaintiffs have demonstrated that potential

class members are similarly situated,' such that court-facilitated notice to the putative class members would be appropriate." *Syrja v. Westat, Inc.,* 756 F.Supp.2d 682, 686 (D. Md. 2010) (quoting *Camper v. Home Quality Mgmt. Inc.,* 200 F.R.D. 516, 519 (D. Md. 2000)). It is the plaintiff's burden to demonstrate that a potential class of similarly situated individuals exists, and the plaintiff must produce some factual evidence in support of conditional certification. *Purdham*, 629 F. Supp. 2d at 548. The standard is "fairly lenient" at the conditional certification stage. *MacGregor v. Farmers Ins. Exch.,* Civil No. 2:10–cv–03088, 2012 WL 2974679, *1 –2 (D.S.C. July 20, 2012) (quoting *Anderson v. Cagle's, Inc.,* 488 F.3d 945, 953 (11th Cir.2007).

After the close of discovery, a defendant may move to decertify the class. "At that point, the court makes a factual determination as to whether the class is truly 'similarly situated.'" *Id.* at 547. Here, the "court engages in a more stringent inquiry to determine whether the plaintiff class is [in fact] 'similarly situated' in accordance with the requirements of [Section] 216, and renders a final decision regarding the propriety of the proceeding as a collective action." *Butler v. DirectSAT USA, LLC*, 47 F.Supp.3d 300, 306 (D.Md. 2014) (quoting *Dorsey v. TGT Consulting, LLC*, 888 F.Supp.2d 670, 686 (D.Md. 2012). However, "[s]imilarly situated does not mean identical." *Butler*, 47 F.Supp.3d at 306. The plaintiffs generally bear the burden of proving to the court that the FLSA claims are similarly situated, and the district court has broad discretion in determining whether the class should be decertified *Id.* at 307. "If the court determines under this heightened standard that the plaintiffs are 'similarly situated,' the collective action proceeds to trial." *Rehberg v. Flowers Baking Co. of Jamestown, LLC*, No. 3:12-CV-00596-MOC, 2015 WL 1346125, at *15 (W.D.N.C. Mar. 24, 2015).

While neither the FLSA nor the Fourth Circuit have articulated a specific standard regarding decertification of an FLSA class, "district courts in this circuit . . . have considered three factors relating to similarity upon a motion to decertify: 1) the disparate factual and employment settings of the individual plaintiffs; 2) the various defenses available to defendant which appear to be individual to each plaintiff; and 3) fairness and procedural considerations." *Id.*

**DISCUSSION**

The Omnicare Defendants move the Court to decertify the conditional class because the named Plaintiff testified during his deposition that the terms of his independent contract agreement were negotiable. Thus, Omnicare argues that whether each putative class member was an independent contractor requires a separate and individual inquiry, refuting the claim that the Plaintiffs are similarly situated such that an FLSA class is appropriate. The Plaintiffs counter that minor written changes by the named Plaintiff to his independent contractor agreement are not sufficient to overcome the similarities between the purported class members such that the class should not be decertified, and that the three factors to be weighed by the Court all fall in favor of the Plaintiffs.

The Court finds that the motion for decertification should be denied. In its argument for decertification, Omnicare relies nearly entirely on the fact that the named Plaintiff made written changes to his independent contractor agreement. That he made some written changes, however, does not sufficiently overcome the similarities in job duties, working conditions, and terms of employment, especially given the Court's previous ruling that the Omnicare Defendants are joint employers of the Plaintiffs for FLSA purposes. Further, as evidenced by the Plaintiffs in their memorandum in opposition, none of the putative class members' independent contractor

agreements were edited with written changes in the way Omnicare describes Mr. Young's agreement. (See, Pls.' Resp. in Opposition, Exhibit B.) The only remaining issue is that of damages, and edits to the named Plaintiff's contract does not overcome the similar situations of all putative Plaintiffs regarding the damages owed them by Omnicare.

Moreover, review of each of the three factors previously mentioned counsels denial of the motion. With respect to disparate factual and employment settings, all of the potential Plaintiffs signed the same form independent contractor agreement and were treated in the same or similar manner regarding their compensation as delivery drivers. As the Court previously found in granting summary judgment, many of the contractual provisions found in Act Fast's independent contractor agreement were in place at the behest of Omnicare based on what it required from the independent delivery service. Omnicare provides no facts to dispute that the employment settings among the Plaintiffs were identical.

Second, neither Omnicare nor Act Fast have raised any Plaintiff-specific defenses throughout litigation, and Omnicare fails to present any for argument here. In its own motion for summary judgment, Omnicare argued that it was not an employer of the Plaintiffs at all, but that all Plaintiffs were independent contractors solely employed by Act Fast. Even in the current motion, Omnicare argues that there *could be* potential differences in each of the independent contractor agreements because the terms were negotiable, not that there are Plaintiff-specific defenses. Finally, the procedural and fairness concerns also weigh in favor of litigating the remaining damages issue at one time. It would be an unnecessarily burdensome task and an enormous waste of resources to undertake separate damages trials for more than 200 putative Plaintiffs. Clearly, the procedural and fairness considerations weigh in favor of class certification.

The Plaintiffs have met their burden of showing that they are similarly situated such that litigation as a collective action is appropriate. The Omnicare Defendants' motion to decertify the class should be denied.

**CONCLUSION**

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that *The Omnicare Defendants' Motion for Decertification* (Document 249) be **DENIED** and the collective action be **CERTIFIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 20, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA