IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ERIC YOUNG,

        Plaintiff,

v.                        CIVIL ACTION NO.   5:16-cv-09788

OMNICARE, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Plaintiffs' Motion for New Trial* (Document 334) and *Memorandum of Law in Support* (Document 335*), Omnicare Inc.'s Memorandum in Opposition to Plaintiffs' Motion for New Trial* (Document 336), and the Plaintiffs' *Reply* (Document 337), as well as all attached exhibits.   For the reasons stated herein, the Court finds that the motion should be denied.

## PROCEDURAL HISTORY

The named Plaintiff, Eric Young, initiated this case with the filing of a Collective Action Complaint (Document 1) in this Court on October 17, 2016.   The Plaintiff named as Defendants Act Fast Delivery of West Virginia, Inc., a West Virginia corporation, Act Fast Delivery, Inc., a Texas corporation, Home Care Pharmacy, LLC, a Delaware corporation doing business as a variety of entities including Omnicare of Nitro and Omnicare of Nitro, West Virginia, Compass Health Services, LLC, a West Virginia corporation doing business as a variety of entities including Omnicare of Morgantown and Omnicare of Morgantown, West Virginia, Omnicare, Inc., a

Delaware corporation and other John Doe Defendants. In the complaint, the Plaintiffs allege violations of state and federal wage payment laws, including the Fair Labor Standards Act ("FLSA") and the West Virginia Wage Payment and Collection Act. The Plaintiffs specifically allege that the Defendants intentionally misclassified the named Plaintiffs and other similarly situated individuals as independent contractors, rather than employees, in order to avoid paying them time-and-a-half rates for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207 and 29 C.F.R. § 778.111.

Omnicare, Act Fast Delivery, and Act Fast Delivery of West Virginia answered the complaint on November 14, 2016, denying any unlawful conduct and all claims of liability. On August 10, 2017, the Court granted the Plaintiffs' motion to conditionally certify a class of employee Plaintiffs pursuant to the FLSA and approved issuance of class notice to putative class members. After lengthy discovery disputes regarding the Act Fast Defendants' alleged failure to appropriately provide the Plaintiffs with evidence, United States Magistrate Judge Omar Aboulhosn granted the Plaintiffs' motions to compel and ultimately issued sanctions against the Act Fast Defendants. On October 24, 2017, Judge Aboulhosn also granted a motion to withdraw as counsel filed by Act Fast's attorney. On November 3, 2017, the Court entered an *Order* granting the Plaintiffs' motion to amend the complaint, and ordered the *Amended Complaint* filed on the same day. Sometime thereafter, Act Fast Delivery of West Virginia entered Chapter 7 bankruptcy proceedings, and on January 8, 2018, the case was stayed as to that Defendant.

On November 15, 2017, the Plaintiffs moved for partial summary judgment regarding Omnicare's status as a joint employer. Omnicare also moved for summary judgment on that same date on all of the claims alleged by the Plaintiffs. Further, Act Fast Delivery, Inc., moved for

2

summary judgment, arguing that it was a separate and distinct entity that had no control over the actions of Act Fast Delivery of West Virginia, and was therefore also entitled to summary judgment on all of the Plaintiffs' claims. On January 3, 2018, the Court entered its *Memorandum Opinion and Order* granting the Plaintiffs' motion for partial summary judgment and denying Omnicare's motion for summary judgment, finding that Omnicare was a joint employer of the Plaintiffs and purported class members for the purposes of the FLSA. On January 8, 2018, the Court also entered its *Memorandum Opinion and Order* denying Act Fast's motion for summary judgment. On February 20, 2018, the Court denied Omnicare's motion to decertify the FLSA class, and certified the class for trial. On February 23, 2018, the Court granted the Plaintiffs' motion to voluntarily dismiss Act Fast Delivery, Inc., from the action without prejudice.

Trial began on February 26, 2018, and ended on February 28, 2018. At the conclusion of the Plaintiffs' case in chief, Omnicare moved for judgment as a matter of law. (*See* Feb. 27, 2018 Transcr., at 288:9-290:6) (Document 330.) At the close of the evidence the Court denied the motion, and the case proceeded to the jury. (*See* Feb 28, 2018 Transcr., at 378:1-381:12) (Document 331.) The jury returned a verdict finding that Omnicare had not violated the FLSA and awarding the Plaintiffs no damages. The Plaintiffs filed the present motion on March 22, 2018, Omnicare responded on April 5, 2018, and the Plaintiffs filed their reply on April 12, 2018. The motion is therefore fully briefed and ripe for review.

**STANDARD OF REVIEW**

Rule 59(a) of the Federal Rules of Civil Procedure provides, in relevant part, that "… the court may, on motion, grant a new trial for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(a); *also see Walker v. West*

*Pub. Corp.*, 2012 WL 3927029, at *1 (S.D.W.Va. Sept. 7, 2012). In the Fourth Circuit, a district court may only grant a new trial "(1) if the verdict is against the clear weight of the evidence; (2) is based upon false evidence; or (3) will result in a miscarriage of justice." *Campbell v. BP Amoco Polymers, Inc.*, 75 F. App'x. 907, 910 (4th Cir. 2003) (citing *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998); *Laubach v. Khajawai*, 64 F.3d 657, No. 94-2421, 1995 WL 508879, at *3 (4th Cir. Aug. 29, 1995). A district court's determination of a motion for a new trial is discretionary, and a court is "permitted to weigh the evidence and consider the credibility of witnesses." *Cline*, 144 F.3d at 301 (citing *Poynter v. Ratcliff*, 874 F.2d 219, 223 (4th Cir. 1989)). Substantial errors in the "admission or rejection of evidence" may support a new trial. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

## DISCUSSION

The Plaintiffs assert that they are entitled to a new trial under Rule 59(a) for two reasons. First, they argue that the jury's verdict is against the clear weight of all of the evidence. According to the Plaintiffs, the evidence is undisputed that the delivery drivers used their personal vehicles to make deliveries to Omnicare's customers, and that they were not reimbursed for the costs of using those vehicles. The Plaintiffs further claim that, because Omnicare was ruled a joint employer by this Court and did not keep adequate records reflecting the time spent making deliveries by the drivers, the only rate that can be used to calculate the damages owed to the Plaintiffs is the IRS rate. Given this undisputed testimony provided by the Plaintiffs' experts, the Plaintiffs assert that "Omnicare presented no evidence to negate the employment of the IRS Rate as a rate that encompasses a reasonable approximation of the Plaintiffs' work-related vehicle expenses." (Pls.' Mem. of Law in Supp. at 7.) The Plaintiffs further argue that, in its closing

arguments, Omnicare "urged the jury to ignore the Court's instructions" and "appealed to the jurors to use their 'common sense'" in a manner that counseled the jury to disregard the plain evidence that had been presented, resulting in a verdict that is against the clear weight of the evidence. (*Id.* at 9-10.)

Second, the Plaintiffs assert that a new trial is necessary to prevent a miscarriage of justice. The Plaintiffs contend that Omnicare raised arguments regarding additional wages paid to the Plaintiffs for their duties as dispatchers, and that this line of argument was improper and confusing to the jury such that a new trial is necessary to prevent a miscarriage of justice. The Plaintiffs further argue that Omnicare's arguments regarding the jurors' use of common sense lead the jurors to consider facts outside of the evidence admitted at trial such that the verdict constitutes a miscarriage of justice.

Omnicare counters that the verdict is not against the clear weight of the evidence. It contends that the Plaintiffs failed to properly prove liability and now improperly attempt to shift the burden to Omnicare. Omnicare argues that the Court's jury charge instructed the jurors that they were permitted to make credibility determinations regarding the witnesses and whether to accept their testimony, and the Plaintiffs never objected to those instructions. Further, Omnicare argues that the Plaintiffs failed to object to any of the jury instructions, including the Court's instruction that the IRS reimbursement rate was optional and that jurors were not required to use it. Omnicare also counters that its arguments during its closing do not amount to a miscarriage of justice. Omnicare argues that it did not encourage the jurors to disregard the evidence, but simply asked them to draw any appropriate inferences from the facts, inferences the instructions permitted

the jurors to draw. Further, Omnicare argues that the Plaintiffs again failed to object to this instruction or its closing during the trial and has therefore failed to preserve this argument.

During Omnicare's portion of the closing arguments at trial, Omnicare's counsel began to discuss rates of pay and overtime regarding the delivery drivers, and his statements were as follows:

> And this is what I submit to you is wrong with that expert report of Dr. Henson [the Plaintiffs' expert witness]. And the first one I think is really the most glaring example of that that we covered with some time yesterday. And that has to do with his failure to include all of the earnings that these individuals received. Let's take a look again at just a few. So when we look at Mr. Pugh, Mr. Henson reported that he earned—or he should have received $15,195 for his regular rate and $342 for his overtime which, obviously he—even according to the estimates of Mr. Henson, he worked very, very little overtime. He was paid, or at least Mr. Henson reported that [Mr. Pugh] was paid by Omnicare $46,276. Again, the regular and the overtime is only about $17,000. So that's way, way more. There's not an overtime issue. He received plenty of money to cover all of his expenses. But what we learned, and we only learned it recently after, even after Dr. Woods prepared his report, is that Mr. Henson had in front of him that what Mr. Pugh actually received was in the neighborhood of $154,000 rather than $46,276. So he's reporting that to us as if Mr. Pugh did not enough under the Henson analysis and with the IRS rate when , in fact, he received way, way more than he was entitled to even if you apply the IRS rate.

(*See* Feb. 28, 2018 Transcr., at 436:11-437:12) (Document 331.)

Immediately after that portion of argument, Plaintiffs' counsel asked to approach the bench for a conference, and Omnicare's closing argument was halted. (*Id.* at 437:13.) During this bench conference, Plaintiffs' counsel sought to voice an objection to what Omnicare's counsel was about to argue, as evidenced by the following exchange:

> What clearly Mr. Montgomery is doing is trying to confuse the jury by saying that this particular individual was paid more money that was not accounted for by Mr. Henson in the amount of money he was paid to comply with the minimum wage. The other money that he was paid was for a totally distinct and different job from driving the car. It's a separate and distinct matter. The cases are clear that if you pay both of them the minimum wage—obviously he didn't pay the minimum wage for the driver—that you cannot combine those two. He cites a case interestingly

enough in the Fourth Circuit that, that does not stand for the proposition that he says it stands for.

(*Id.* at 437:15-438:7.) At the end of the bench conference, the Court sustained the Plaintiffs' objection to Omnicare's counsel including dispatcher income in the closing argument. (*Id.* at 438:15-22.)

The Court finds that the Plaintiffs' motion for a new trial should be denied. First, the Plaintiffs have failed to show that the jury's verdict was against the weight of the evidence. The jurors were instructed to weigh the credibility of the witnesses, including expert witnesses, in order to make credibility determinations regarding their testimony. (*The Court's Charge and Instructions*, at 7-10) (Document 305.) Importantly, the Plaintiffs did not object to that instruction during the trial. It was within the province of the jury, in making credibility determinations, to assess the persuasiveness of the Plaintiffs' expert testimony. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1049 (2016) (holding that resolving the persuasiveness of evidence or testimony that has been admitted "is the near exclusive province of the jury"). The Court instructed the jurors that the IRS standard business mileage rate was an optional rate that the jurors could use to calculate what, if any, amount of damages the Plaintiffs were owed. (*The Court's Charge and Instructions*, at 14) (Document 305.) Again, the Plaintiffs did not object to this instruction.

The Plaintiffs' expert, Ms. Uy, testified that in her opinion, "[the IRS rate] is really the only option you would have whenever you don't have . . . records of actual expenses because you can't just make something up." (*See* Feb. 27, 2018 Transcr., at 271:6-8) (Document 330.) Omnicare's expert witness, however, called into question the Plaintiffs' experts' calculations and use of the IRS rate. Given the evidence presented at trial and the Court's instruction, a reasonable juror could have determined that the Plaintiffs' expert testimony was less credible than that of

Omnicare's expert and therefore found in favor of Omnicare. Such a credibility determination is completely within the province of the jury and does not satisfy the standard for a new trial established by the Fourth Circuit pursuant to Rule 59.

Secondly, the limited, implied statements made by Omnicare during closing arguments regarding dispatcher wages or the use of common sense by jurors do not constitute a miscarriage of justice. As Omnicare correctly points out, the Plaintiffs did not object to Omnicare's examination of its expert regarding wages some drivers were paid for their work as dispatchers. While the Plaintiffs did object to Omnicare's implied reference to dispatcher wages during closing arguments, Omnicare's counsel did not further pursue any substantive argument on the issue after the Court sustained the objection during a bench conference. Nor were Omnicare's statements regarding the jurors' use of common sense inappropriate. This Court specifically instructed the jurors that they were "permitted to draw, from the facts which you find have been established and proven, such reasonable inferences and conclusions which reason and common sense lead you to make and as seem justified in light of your own observations and experience in the ordinary affairs of life." (*The Court's Charge and Instructions*, at 6) (Document 305.) The Plaintiffs did not object to this instruction during trial. Given the Court's instructions, neither Omnicare's questioning of its expert regarding total wages nor its argument on the jurors' use of common sense constitute a miscarriage of justice such that the jury verdict should be overturned.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Plaintiffs' Motion for New Trial* (Document 334) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 15, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA