IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ERIC YOUNG,

                Plaintiff,

v.                                          CIVIL ACTION NO. 5:16-cv-09788

ACT FAST DELIVERY OF
WEST VIRGINIA, INC., et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Plaintiffs' Motion for Relief from Judgment* (Document 355), the *Memorandum of Law in Support of Plaintiffs' Motion for Relief from Judgment* (Document 356), *Omnicare, Inc.'s Memorandum in Opposition to Plaintiffs' Motion for Relief from Judgment* (Document 358), and the *Plaintiffs' Reply in Support of Motion for Relief from Judgment* (Document 359). For the reasons stated herein, the Court finds that the motion should be granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In a *Collective Action Complaint* (Document 1) filed on October 17, 2016, named Plaintiff Eric Young brought this action asserting violations of the Fair Labor Standard Act (FLSA) on behalf of himself and other similarly situated individuals. Omnicare contracted with nursing homes, long-term care facilities, and other institutions to provide and deliver prescription drugs and other pharmacy and medical supplies. It then contracted with Act Fact as a delivery courier in West Virginia. Act Fast hired the Plaintiffs as delivery drivers, classifying them as independent

contractors.  The drivers' pay was calculated based on their routes and deliveries.  The Plaintiffs' theory was that they were improperly classified as independent contractors, rather than employees, and the failure to pay overtime or to compensate them for expenses related to the use of their personal vehicles for deliveries resulted in minimum wage violations.

The Court granted conditional certification of the proposed class on August 10, 2017. (Document 145.)  The Court permitted the filing of an amended complaint on November 3, 2017. On January 3, 2018, the Court granted the Plaintiffs' motion for partial summary judgment, finding that Omnicare was a joint employer of the Plaintiffs for purposes of the FLSA, and that the Plaintiffs were employees rather than independent contractors.  On January 8, the case was stayed as to Act Fast as a result of a bankruptcy filing.  The Court certified the class for trial on February 20, 2018.  The Plaintiffs voluntarily dismissed Act Fast Delivery, Inc., from the action, without prejudice, on February 23, 2018.  Thus, trial proceeded against only Omnicare.

Trial began on February 26, 2018, and ended on February 28, 2018, with a defense verdict. The Court denied a motion for a new trial, and the Fourth Circuit affirmed the judgment.  The Plaintiffs now contend that Omnicare's failure to disclose vital evidence, and repeated claims that it did not possess the requested information, warrants setting aside the judgment under Rule 60(b)(3).

The discovery process did not proceed smoothly.  The Plaintiffs filed several motions to compel, and Judge Aboulhosn granted sanctions against Act Fast for its repeated refusal to comply with court orders and discovery rules.  In particular, the Plaintiffs struggled to obtain necessary data reflecting the driver timing and mileage for delivery routes.  Omnicare represented that it did not possess such data, and so the Plaintiffs' efforts focused on obtaining the information from Act

2

Fast. Eventually, they resorted to subpoenaing a software developer that maintained the database used by Act Fast, and their experts developed reports and theories based on the limited data available. Because of the delays in obtaining the data, expert information and other documents were still being exchanged in the weeks immediately before trial. Omnicare continued to represent to the Plaintiffs, to the Magistrate Judge during discovery hearings, to the Court during the pretrial conference, and to both the Court and the jury during trial, that it lacked access to data regarding driving time, delivery time, and mileage for both established routes and one-time "stat" deliveries – even as Act Fast was being sanctioned, in part, for failing to turn over that information.

Evidence at trial centered on the Plaintiffs' use of personal vehicles without reimbursement for driving costs or mileage. Both parties presented expert testimony. The Plaintiffs' expert set forth the drivers' pay, compared against his estimate of the FLSA minimum wage calculated based on a combination of actual data and estimates. The Plaintiffs' experts used the IRS mileage rate as the appropriate reimbursement rate and calculated—again, based in part on estimates—the miles driven. Omnicare argued that the Plaintiffs' experts relied on too many estimates and assumptions. It also repeatedly stressed to the jury that it did not possess knowledge or information of the matters at issue at the time the alleged underpayments occurred.

Just short of a year after the entry of judgment following the trial, and only about a month after the Fourth Circuit's decision affirming judgment, the Plaintiffs' counsel discovered that Omnicare did possess responsive information. In a similar case being litigated in Kentucky, Omnicare produced Advanced Shipping Notice/Proof of Delivery, or ASN-POD Reports. Those reports "identify the deliveries made by the drivers each day…identify the facility to which the medications were delivered, the driver identification number and first name of the driver, the

signature of the nurse(s) who signed for the delivery, the scan time of the pickup, the scan time of the delivery and whether the delivery was on a route or a stat." (Pl.'s Mem. at 5.)

## STANDARD OF REVIEW

Rule 60(b)(3) provides for relief from a final judgment for "fraud…, misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "Rather than assess the merits of a judgment or order, it focuses on the unfair means by which a judgment or order is procured." *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1010 (4th Cir. 2014). The Fourth Circuit has established three factors that must be present for a Rule 60(b)(3) motion to prevail: "(1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994) (citing *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981)). The court must further "balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Id.* (quoting *Square Constr. Co.*, 657 F. 2d at 71)). Motions pursuant to Rule 60(b)(3) must generally be made within one year after the entry of judgment. Fed. R. Civ. P. 60(c)(1); *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135 (4th Cir. 2014).

## DISCUSSION

The Plaintiffs argue that Omnicare's failure to disclose key evidence in this case, forcing them to cobble together data from a third-party source, tainted every aspect of the litigation, trial, and post-trial proceedings. They stress that Omnicare lied repeatedly to Plaintiffs' counsel, the Court, and the jury about its access to the driver data central to the Plaintiffs' claims. Omnicare

4

argues that this is essentially a belated discovery dispute that would not warrant vacating the judgment under any circumstances. It further contends that the motion is untimely and there is no justification for tolling the one-year period for filing a motion pursuant to Rule 60(b)(3).

The Court finds that the Plaintiffs' motion is not properly barred on timeliness grounds, although it was filed approximately one year and three weeks after the entry of judgment. As an initial matter, this motion was filed the day after the Fourth Circuit issued its mandate affirming the judgment. The courts to consider the issue have found that a pending appeal does not stay the one-year period for filing a motion pursuant to Rule 60(b)(1)-(3). *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002); *Bush v. Dep't of Human Servs.*, 714 F. App'x 180, 183 (3d Cir. 2017) (unpublished). Nonetheless, given the timing and issues presented in this case, the Court would have found it prudent to defer consideration of this motion while the appeal—which could have reversed or vacated the judgment on other grounds—remained pending. This is not an instance of a party seeking to re-open proceedings that have been treated as final for an extended period. Indeed, the Plaintiffs discovered the undisclosed material through related, parallel litigation in Kentucky. In short, Omnicare is not prejudiced by the asserted untimeliness of the motion, as both this case and related cases asserting similar claims remained in active litigation.

Equitable tolling is normally available for non-jurisdictional limitations periods. *Holland v. Fla.*, 560 U.S. 631, 645–46 (2010). However, it is a sharply limited, extraordinary remedy. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). The Fourth Circuit has found equitable tolling available to extend the statute of limitations for seeking to vacate a criminal judgment or sentence through habeas review available only upon a showing of "(1) extraordinary circumstances, (2)

beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id*.

Here, Omnicare deliberately concealed evidence through misleading and false responses to discovery requests. It continued to deny that it possessed core evidence during discovery hearings, the pretrial conference, and trial itself. The Plaintiffs requested the appropriate classes of evidence, and Omnicare claimed that it did not possess responsive documents or material. Omnicare's affirmative lies about the material within its control made it impossible for the Plaintiffs to discover the misconduct that gives rise to this motion until the evidence was properly disclosed during the related Kentucky proceeding. Permitting Omnicare to reap the rewards of its own misconduct under these circumstances would send the message that burying damaging evidence pays off, so long as it remains concealed for at least a year after judgment. Accordingly, the Court finds that equitable tolling is available to the Plaintiffs, and they filed their motion with commendable promptness within three weeks of discovering Omnicare's misconduct.

Having found that untimeliness presents no bar to consideration of the motion, the Court further finds that the motion should be granted and that the Plaintiffs are entitled to a new trial. The Fourth Circuit held that "an adverse party's failure, either inadvertent or intentional, to produce…obviously pertinent requested discovery material in its possession is misconduct under the meaning or Rule 60(b)(3)." *Schultz v. Butcher*, 24 F.3d 626, 630–31 (4th Cir. 1994). Omnicare argues that the Plaintiffs' counsel did not make sufficient effort to obtain the ASN-POD reports. Plaintiffs' counsel repeatedly sought the information, and the reports were indisputably responsive to multiple discovery requests.[1] They were not required to divine the nomenclature

---

1 When the Plaintiffs sought the "ASN reports" in a request for production of documents, Omnicare objected, arguing that the request was, *inter alia*, "not reasonably calculated to lead to the discovery of admissible evidence" and

Omnicare used for the reports and request them by name. They acted reasonably in relying on Omnicare's counsels' representation that it lacked the relevant data. Omnicare's arguments that the Plaintiffs are to blame for not trying hard enough to obtain the information that it deliberately concealed by affirmatively misleading or outright lying are unavailing. Omnicare's behavior displayed contempt for the discovery and litigation process as well as the Court.

The Court further finds that the data concealed by Omnicare was important to the case. The Plaintiffs were deprived of the data for months of discovery and left to rely on incomplete third-party data, while Omnicare had access to all the core information from the outset. Omnicare's trial strategy centered on arguments and narratives made possible only by its own misconduct: it contended that the Plaintiffs' experts used unreliable data and relied on too many assumptions, and it emphasized that it had no knowledge of any of the information supporting the Plaintiffs' case at the time of the alleged FLSA violations. Thus, the Court finds that the Plaintiffs had a meritorious case, have proven Omnicare's misconduct by clear and convincing evidence, and that the misconduct prevented them from fully presenting their case. The importance of maintaining the finality of the jury verdict and judgment is outweighed by the need to ensure that such judgments are fairly procured and not the product of misconduct and gamesmanship.

---

suggested that those reports were focused on the prescription information, rather than delivery details. (Document 355-2 at 6). In a hearing before Magistrate Judge Aboulhosn focused primarily on Act Fast's failure to produce its version of the data, the Plaintiffs requested that Omnicare produce the data to the extent it had access. Although the discussion focused on Act Fast's version of the data, Omnicare represented more broadly that "the only information we had had been disclosed." (Document 176 at 4.) When the Plaintiffs sought to schedule a 30(b)(6) deposition with topics to include route and delivery information and related documents, counsel for Omnicare stated that it lacked knowledge of the "majority" of the requested topics and would have to rely on Google maps and documents that had already been produced. (Document 355-1.) During the pretrial conference, Omnicare declined to stipulate to the authenticity of the subpoenaed data and sought to bar the Plaintiffs' experts from testifying due to their late disclosure. It argued that it would be difficult for it to prepare for trial due to receiving that information so late in the process, without in any way acknowledging that it had been in possession of its own version of largely overlapping data all along. Counsel for Omnicare stated that it "was in no different situation than plaintiffs. We don't have the information. We don't control the information. We don't have access to the information" and argued that "the late disclosure remains prejudicial to Omnicare." (Tr. Pretrial Conference, at 22::10-16, Document 346.)

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiffs' Motion for Relief from Judgment* (Document 355) be **GRANTED**. The Court further **ORDERS** that the *Judgment Order* (Document 314) be **VACATED**. A new scheduling order will be entered separately.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 1, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA