# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

ERIC YOUNG, Individually
and on behalf of all others similarly
situated,

                Plaintiff,

v.                                            CIVIL ACTION NO. 5:16-cv-09788

ACT FAST DELIVERY OF
WEST VIRGINIA, INC., and
HOME CARE PHARMACY,
LLC, and COMPASS HEALTH
SERVICES, LLC, and
OMNICARE, INC.

                Defendants.

## **MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Eric Young's Motion for Partial Summary Judgment [Doc. 376].

## I.

This action concerns Defendants' Act Fast Delivery of West Virginia, Inc., Home Care Pharmacy, LLC, Compass Healthy Services, LLC, and Omnicare, Inc. ("Defendants") payment of mileage, overtime, and certain vehicular expenses to Plaintiff Eric Young, individually and on behalf of others similarly situated ("Plaintiffs"). A jury trial took place in February 2018. At least two issues there arising are relevant here. First, Plaintiffs' expert testified that two options existed for calculating vehicular expenses: approximating expenses by applying the IRS business mileage rate ("IRS Rate") or, instead, reimbursing actual expenses, the latter of which would

require "a lot more recordkeeping" [Doc. 330 at 150]. Defendants' expert challenged certain assumptions underlying the IRS Rate. In a jury instruction to which no objection was made, the Court allowed the jury to determine the proper methodology for calculating damages on the point. Second, the parties disputed the compensability of certain "stat run," or expedited, return trips. The jury returned a verdict for Defendants.

Plaintiffs moved for a new trial [Doc. 335]. They contended, in part, that Defendants "presented no evidence to negate the employment of the IRS Rate as a rate that encompasses a reasonable approximation" of work-related vehicle expenses [Doc. 335 at 7]. The new trial request, however, made no mention of the compensability of stat run return trips. The Court denied the motion, holding that Defendants' expert witness "called into question Plaintiffs' experts' calculations and use of the IRS rate. Given the evidence presented at trial and the Court's instruction, a reasonable juror could have determined that the Plaintiffs' expert testimony was less credible than that of [Defendants'] expert" [Doc. 338 at 7-8]. Our Court of Appeals affirmed [*See* Doc. 347].

Following the verdict and appeal, Plaintiffs learned of Advanced Shipping Notice/Proof of Delivery Reports (or "ASN-POD Reports") that Omnicare, Inc., did not produce during discovery. Deeming the nondisclosure amounted to "misconduct" which "prevented [Plaintiffs] from fully presenting their case" [Doc. 360 at 7], on October 1, 2019, the Court granted a new trial and vacated the prior verdict.

Plaintiffs now request summary judgment on two issues. First, Plaintiffs ask that the IRS Rate be deemed the mandatory method to approximate vehicular expenses [*See* Doc. 377 at 1]. Second, Plaintiffs contend that all stat-run return-trip time and mileage are compensable employment activity under the Fair Labor Standards Act ("FLSA") [*See id.*].

2

# II.

## A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The nonmoving party must do so by offering 'sufficient proof in the form of admissible evidence' rather than relying solely on the allegations of her pleadings." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993)).

The Court must "view the evidence in the light most favorable to the [nonmoving] party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (internal quotation marks omitted); *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018). "The court . . . cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *see also Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Fed. R. Civ. P. 56 advisory committee's note to 1963 amendment.

## B. Law of the Case Standard

"The law-of-the-case doctrine generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the

same case.'" *Musacchio v. United States*, 136 S. Ct. 709, 716 (2016) (quoting *Pepper v. United States*, 562 U.S. 476, 506 (2011)). "[A] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstances, although as a rule courts should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Op. Corp.*, 486 U.S. 800, 817 (1988).

One "specific application of the law of the case doctrine" is the mandate rule. *Volvo Trademark Holding Aktiebolaget v. Clark Machinery Co.*, 510 F.3d 474, 481 (4th Cir. 2007). "The rule 'forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court.'" *Id.* (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993)). It "compels reliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Bell*, 5 F.3d at 66. The mandate rule also "forecloses litigation of issues . . . foregone on appeal or otherwise waived, for example because they were not raised in the district court." *Bell*, 5 F.3d at 67. Parties are "not permitted to 'use the accident of remand to raise . . . an issue that [they] could just as well have raised in the first appeal.'" *United States v. Pileggi*, 703 F.3d 675, 680 (4th Cir. 2013) (quoting *United States v. Parker,* 101 F.3d 527, 528 (7th Cir.1996)).

"Deviation from the mandate rule is permitted only in a few exceptional circumstances, which include (1) when 'controlling legal authority has changed dramatically'; (2) when 'significant new evidence, not earlier obtainable in the exercise of due diligence, has come to light'; and (3) when 'a blatant error in the prior decision will, if uncorrected, result in a serious injustice.'" *Invention Submission Corp. v. Dudas*, 413 F.3d 411, 415 (4th Cir. 2005) (quoting *Bell*, 5 F.3d at 66).

# III.

## A. Application of the IRS Rate

Plaintiffs request a determination that the IRS Rate applies to approximate the vehicular expenses incurred by Plaintiffs. Plaintiffs contend that the mandate rule does not preclude this relief inasmuch as "neither [the district court] nor the Fourth Circuit has previously considered the issues raised in this motion" [Doc. 379 at 4]. But the predecessor Judge concluded that Defendants presented sufficient evidence at trial to convince a "reasonable juror" that the IRS Rate should not be applied [Doc. 338 at 7-8]. Indeed, there was no objection to the instruction reserving the question for the jury. Following affirmance on appeal, the matter was laid to rest.

Plaintiffs, however, additionally contend "[t]he mandate rule only applies if there is a remand with instructions to be followed by the appellate court" [Doc. 379 at 3]. The law is otherwise, inasmuch as our Court of Appeals has applied the mandate rule in previously affirmed actions. *See S. Atl. Ltd. P'ship of Tennessee, LP v. Riese*, 356 F.3d 576, 587 (4th Cir. 2004). There is no apparent reason to disregard the axiom that "the mandate of a higher court is 'controlling as to matters within its compass'" simply because the appellate disposition affirms a decision rather than remanding it for further proceedings. *Bell*, 5 F.3d at 66 (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)).

As noted, the mandate rule may be side-stepped only in "exceptional circumstances." *Invention Submission Corp.*, 413 F.3d at 415. Notwithstanding the October 1, 2019, memorandum opinion and order granting of relief from judgment, neither intervening controlling legal authority nor new evidence speak to the proper methodology for calculating vehicular expenses. Nor did the Court blatantly err in its prior ruling, resulting in serious injustice,

where an unobjected-to instruction invited Defendants to call into question the propriety of applying the IRS Rate.

Accordingly, the law of the case doctrine constrains the Court to abide by the predecessor Judge's ruling that Defendants are entitled to present evidence rebutting the application of the IRS Rate to calculate the Plaintiffs' vehicular expenses.

**B.  Compensability of "Stat Run" Return Trips**

Plaintiffs seek a ruling that "stat run" return trips are compensable as a matter of law.

As noted, "Under the mandate rule, a district court cannot reconsider issues the parties failed to raise on appeal." *Riese*, 356 F.3d at 584. The parties may not raise issues "foregone on appeal or otherwise waived, for example because they were not raised in the district court." *Bell*, 5 F.3d at 67. To discern the impact of the mandate rule here, the Court deems it appropriate to explain the procedural history and the nature of the relief requested in some detail.

In discovery, Plaintiffs requested production of employment-related data in order to substantiate their claim that Defendants failed to adequately compensate Plaintiffs. Defendants represented that they did not have the requested data [*See* Doc. 360 at n.7]. By subpoena, Plaintiffs obtained third-party data distinguishing stat runs from regularly scheduled deliveries [*See* Doc. 378 at 12]. Notwithstanding Defendants' representation that they had no additional records, Plaintiffs declined to seek summary judgment with respect to the compensability of stat run return trips. Rather, the issue was contested at trial. Defendants elicited testimony that drivers would not universally return the required paperwork immediately after a stat run; rather, drivers would sometimes return paperwork during their next regularly scheduled delivery [*See id.* at 12-13]. After

the jury returned a verdict for Defendants, Plaintiffs thereafter moved for a new trial on unrelated grounds. The Court denied Plaintiffs' motion and our Court of Appeals affirmed.

Following the mandate, Plaintiffs came to learn of undisclosed ASN/POD Reports in the custody of Omnicare. The reports identify drivers, deliveries, times, and whether the delivery was a stat run or a regularly scheduled delivery [*See* Doc. 360 at 3-4]. To resolve the pending issue, however, the ASN/POD Reports would have to indicate whether drivers returned the required paperwork immediately or during a separate regularly scheduled delivery. There is no indication that the ASN/POD Reports do so.

Plaintiffs contend that all stat run return trips are compensable as a matter of law based upon the Defendants' asserted failure to maintain adequate records [*See* Doc. 379 at 7].[1] Indeed, the law requires an employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *see Tyson Foods, Inc. v. Bouaphakeo*, __ U.S. __, 136 S. Ct. 1038, 1047 (2016) (reaffirming the burden-shifting framework of *Mt. Clemens*). Plaintiffs, however, do not dispute that they failed to raise this issue previously, and it is apparent that Plaintiffs had an opportunity to do so in pre-trial and post-trial motions. In other words, inasmuch as Defendants failed to maintain adequate records, that failure had crystallized well before the post-mandate disclosure of the ASN/POD Reports [*see* Doc. 360 at n.1].

The concern that Plaintiffs failed to previously raise this issue is not an idle one. "If no appeal of a judgment is taken . . . the orderly resolution of the litigation requires the district

---

[1] This is necessarily the issue in dispute because Defendants identify anecdotal evidence that would otherwise raise a genuine issue of material fact as to the compensability of stat run return trips [*See* Doc. 378 at 12-13].

7

court to recognize those interests served by final judgments and to implement the appellate mandate faithfully." *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007). That issues are scrupulously developed is essential for the orderly administration of justice and for the preservation of judicial resources. *See id.* at 465-466 ("Repetitive hearings, followed by additional appeals, waste judicial resources and place additional burdens . . . on hardworking district and appellate judges.") (quoting *United States v. O'Dell*, 320 F.3d 675, 679 (6th Cir. 2003)). The post-mandate grant of relief from judgment allows Plaintiffs an opportunity to "fully present[] their case" with the benefit of the ASN/POD Reports [Doc. 360 at 7], but it does not allow the Court to disregard the law of the case or our Court of Appeals' mandate. Given that Plaintiffs' pending request for relief was not raised previously and that the ASN/POD Reports do not conclusively resolve the issue presented, the Court concludes there are no exceptional circumstances to circumvent the mandate rule. Accordingly, Defendants are entitled to present evidence at trial contesting the compensability of stat run return trips as they did in the prior trial.

IV.

Accordingly, Plaintiffs' motion for partial summary judgment **[Doc. 376]** is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTERED: April 10, 2020



Frank W. Volk
United States District Judge