UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

ERIC YOUNG, individually and on behalf
of all others similarly situated,

      Plaintiff,

v.                                                                                                    CIVIL ACTION NO. 5:16-cv-09788

ACT FAST DELIVERY OF WEST
VIRGINIA, INC, HOME CARE
PHARMACY, LLC, COMPASS
HEALTH SERVICES, LLC, and
OMNICARE, INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is the parties' Joint Motion for Court Approval of Settlement [Doc. 395], filed July 31, 2020.

**I.**

Mr. Young, individually, and on behalf of all others similarly situated, instituted this action on October 17, 2016, seeking unpaid compensation for a group of pharmaceutical delivery drivers under the Fair Labor Standards Act, 28 U.S.C. § 201, et seq., ("FLSA"). During the nearly four (4) years that this matter has been pending, it has been extensively litigated. Indeed, the case has proceeded through extensive discovery; has been tried by a jury in favor of Omnicare; and has been litigated through an entire appeals process in the Fourth Circuit, including a petition for *en banc* review. Thereafter, on March 21, 2019, Plaintiffs filed a Rule 60 motion based on

newly discovered evidence. [Doc. 355]. The Court granted the motion, vacated the verdict, and reopened the case [Doc. 360], leading to further discovery, document production, and expert witness work. On June 29, 2020, the Court received notice that the case had been settled upon a successful mediation. The parties now move the Court to approve all terms of the proposed settlement agreement so that this matter can be resolved and dismissed.

## II.

"Courts should approve joint settlement agreements of FLSA claims 'if a proposed settlement reflects a reasonable compromise over contested issues.'" *Senior v. Robert Newlin Airport, Inc.*, No. 3:18-1382, 2019 WL 4267488, at *2 (S.D. W. Va. Sept. 9, 2019) (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *8 (E.D. Va. Sept. 28, 2009)). Simply put, "where there is an assurance of an adversarial context and where [an] employee is represented by an attorney who can protect [his] rights under the statute, [a] settlement will be approved." *Brockman v. Keystone Newport News, LLC*, No. 4:15-cv-74, 2018 WL 4956514, at *2 (E.D. Va. Oct. 12, 2018) (citing *Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 407 (D. Md. 2014)). This approval process embraces a "relatively forgiving standard" that reflects "the uncertainty of the litigation process" and legal and "factual disagreements." *Senior*, 2019 WL 4267488 at *2.

Our Court of Appeals has yet to determine a set of factors a district court should utilize when analyzing whether an FLSA settlement should approved. *See Duprey*, 30 F.Supp.3d at 407-08. Nonetheless, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Id.* (quoting Saman v. LBDP, Inc., No. CIV.A. DKC 12-1083, 2013 WL 2949047, at *3 (M.D. June 13, 2013)). Under this approach, "[w]hen

employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Mayhew v. Loved Ones in Home Care, LLC*, No. 2:17-cv-03844, 2020 WL 1492542, at *1 (S.D. W.Va. March 26, 2020) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)). Thus, to be approved,

> [t]he settlement must reflect a fair and reasonable resolution of a bona fide dispute over FLSA provisions, which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement.

*Id.* (citing *Duprey*, 30 F.Supp.3d at 407-08) (quoting *Saman v. LBDP, Inc.*, No. CIV.A. DKC 12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013)); *Lynn's Food Stores*, 679 F.2d at 1355.

### III.

**A.  Bona Fide Dispute**

"In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Id.* (quoting *Duprey*, 30 F.Supp.3d at 408) (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08CV1310(AJT/JFA), 2009 WL 3094955, at *16-17 (E.D. Va. Sept. 28, 2009)). Furthermore, the Court may also consider the "factual and legal assertions contained in the parties' Joint Motion for Court Approval of Settlement." *Senior*, 2019 WL 4267488 at *2.

Here, there is hardly any question that a bona fide dispute exists as evidenced by the near 400 filings that have been docketed in this case since its inception four years ago. As the parties correctly point out, "it is difficult to find an issue in this matter that has not been heavily

3

disputed and litigated by both sides." [Doc. 395 at 5]. For instance, Omnicare's alleged liability under the FLSA has been relentlessly contested since the outset. In the complaint, Plaintiffs alleged that Omnicare violated the FLSA by: (1) acting as a joint employer of the Plaintiff delivery drivers and (2) failing to pay the drivers the minimum wages to which they were entitled under federal law. *See* [Doc. 1]. Omnicare answered by denying all allegations and asserting seventeen (17) affirmative defenses. *See* [Doc. 17]. After extensive discovery, the parties filed competing motions for summary judgment regarding the joint employment issue and whether Omnicare could avail itself of the independent contractor defense. Plaintiffs ultimately prevailed, however, prior to reaching this settlement, Omnicare expressed an intent to file a motion for reconsideration on the issue of joint employment. *See* [Doc. 390]. Plaintiffs contend that any such motion would have been opposed.

Moreover, before this case was tried in February of 2018, the discovery process was not without complications. Indeed, Plaintiffs struggled to obtain the necessary data from Act Fast to calculate the extent to which Plaintiffs were underpaid. This led to multiple motions to compel and sanctions being imposed against Act Fast. Eventually, Plaintiffs were able to obtain a portion of this data from Act Fast's software provider by third party subpoenas, and both parties retained experts to review the data to determine the extent of the alleged wage violations. Unsurprisingly, the parties' experts disagreed regarding the extent of the wage violations and whether the data was sufficiently complete to support any showing that underpayments had occurred. Additionally, the parties disagreed on the proper expense reimbursement rate to be used in any such calculations and the applicable statute of limitations. Specifically, the parties disagreed as to whether Omnicare's actions were sufficiently willful to constitute the application of a three-year rather than a two-year statute of limitations.

4

Upon the completion of a three-day trial, the jury found in favor of Omnicare. Plaintiffs moved for a new trial, the Court denied the motion, and Plaintiffs appealed. Shortly after our Court of Appeals affirmed, Plaintiffs' counsel discovered Omnicare had possessed a data base including electronic delivery information that it failed to produce during discovery. As such, Plaintiffs filed a Rule 60(b) motion to set aside the verdict and judgment. That motion was granted, and the case was reopened. *See* [Doc. 360]. Experts were again retained by Plaintiffs to review this new data.

Thereafter, Plaintiffs moved for partial summary judgment requesting that (1) the IRS Rate be deemed the mandatory method to approximate vehicular expenses, and (2) all stat return time and mileage be deemed compensable employment activity as a matter of law. [Doc. 376]. The Court denied the motion inasmuch as both questions presented issues of fact for the jury to decide. [Doc. 389]. The parties contend that had the instant settlement not been reached, "these issues may have gone to the jury again in a second trial." [Doc. 395 at 8]. Given these apparent disagreements, the Court concludes multiple bona fide disputes exist under the FLSA.

**B.**     **Fair and Reasonable Settlement**

The Court must next determine whether the proposed settlement is fair and reasonable. In determining whether an FLSA settlement is fair and reasonable, courts consider:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Patel v. Barot*, 15 F.Supp.3d 648, 656 (E.D. Va. 2014). Here, each of these factors support the conclusion that the parties' proposed settlement is fair and reasonable.

The first two factors can be analyzed together. As the Court has already discussed,

the parties have taken part in an extensive and substantial amount of discovery. As to the second factor, there is no question that this case has "reached an exceptionally advanced stage of litigation." [Doc. 395 at 9]. Indeed, after the first round of discovery was completed, the case was tried by a jury in favor of Omnicare. That verdict was then appealed and affirmed by our Court of Appeals; an *en banc* review was attempted; a Rule 60 motion was subsequently filed and granted, vacating the verdict; a renewed round of discovery production and dispositive motions practice took place; and the case was successfully mediated. It is evident that this extensive procedural posture has resulted in a great expense to all parties involved. Moreover, if the proposed settlement were to be denied, the parties contend that expert depositions will be conducted, dispositive motions will be filed, and it is likely that another trial and appeal would take place, leading to even greater expenses. In sum, the first two factors support the fairness and reasonableness of the settlement.

The third and fourth factors are just as clear-cut as the first two. As to the third factor, there is simply no evidence of fraud or collusion. Indeed, "[t]here is a presumption that no fraud or collusion occurred between counsel in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12. With respect to the fourth factor, there is no doubt that Plaintiffs' attorneys are extremely experienced. As such, these factors also support a finding that the settlement is fair and reasonable.

Turning to the fifth factor, while counsel's opinion regarding whether the settlement is fair and reasonable "is not to be blindly followed, it is to be afforded some weight." *Id.* Here, both parties assert that the settlement is fair and reasonable. *See* [Doc. 395 at 13]. The parties contend that although they "may differ in their respective assessments of the probability of Plaintiffs' success on the merits, they agree that the total assessment accurately reflects such

probability (and, conversely, also reflects the risks attendant to both sides in further litigation)." The Court agrees with this assertion and concludes that "whatever weight counsel's experience and opinion carries here, it supports a finding that the proposed settlement is fair and reasonable." *Senior*, 2019 WL 4267488 at *3.

As to the sixth and final factor, "[c]ourts are entitled to rely on the judgment of counsel for the parties in performing the balancing task necessary to reach a settlement." *Weller v. Dolgencorop*, Inc., No. 3:09-CV-22, 2011 WL 121914, at *3 (N.D.W. Va. Jan. 13, 2011) (internal quotations omitted). In their joint motion, the parties contend that the settlement amount "is substantial and reflects a meaningful percentage of Plaintiffs' various alternative potential recoveries." [Doc. 395 at 12]. Indeed, based upon the multiple alternative compensatory damages scenarios calculated by Plaintiffs' expert based upon the data disclosed by Omnicare, the proposed settlement of $4,500,000.00 – with $2,250,00.00 going directly to the Plaintiff delivery drivers – "falls squarely in the middle of the most likely compensatory damages awards that Plaintiffs would receive were they to prevail at a second trial." *Id.*, *see also* [Doc. 395-2 at 2-3]. Furthermore, as outlined in the parities' joint motion, the average of the four alternative compensatory damages scenarios calculated by Plaintiffs' expert is $2,249,533.75. As the parties point out, this is almost the exact settlement amount obtained for the Plaintiff delivery drivers under the proposed agreement. Accordingly, the Court finds the proposed settlement to be fair and reasonable. *See Harper v. Elk Run Coal Co.,* No. 2:11-cv-00305, 2012 WL 1999429, at *4 (S.D.W. Va. June 4, 2012) (concluding "based on the parties' own judgments as to the likelihood of success on the merits and the costs of litigation, the amount of the settlement is reasonable in relation to the potential recovery").

C.    **Attorney's Fees and Costs**

The FLSA provides that a prevailing plaintiff is permitted to recover "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. 216(b). "In evaluating attorney fees, the court first must calculate the 'lodestar' figure by multiplying the number of hours reasonably expended by a reasonable rate." *Mayhew*, 2020 WL 1492542 at *3 (citing *Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235, 243 (4th Cir. 2009)). "To ascertain what is reasonable in terms of hours expended and the rate charged," our Court of Appeals has applied the following factors:

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* (citing *McAfee v. Boczar*, 738 F.3d 81, 88 n.5 (4th Cir. 2013)). Upon careful consideration of these factors, the Court concludes that the attorney's fees and costs outlined in the settlement agreement are reasonable.

The proposed payment of attorney fees and costs to Plaintiffs' counsel that has been agreed upon by the parties is $2,250,000.00. The affidavit submitted by Mr. Goodwin indicates that Plaintiffs' attorneys from Goodwin & Goodwin have expended roughly 6,141 hours in this matter at their usual hourly rates. *See* [Doc. 395-2]. This brings the total lodestar calculation to $2,117,973.75 (6,140.75 hours multiplied by the respective hourly rates of each of Plaintiffs' attorneys involved in the matter, excluding approximately 900 hours of paralegal time). Additionally, the affidavit indicates that Plaintiffs' attorneys have incurred $465,227.21 in costs, which includes the $380,505.83 expended on expert data analyst work central to this case. [*Id.*].

Plaintiffs' counsel will incur additional costs in administering the proposed settlement if it is approved by the Court. Thus, the total amount of fees and costs incurred in this matter is $2,583,200.96, which exceeds the agreed award by more than a quarter of a million dollars.

The Court finds that the 6,141 hours of work expended by Plaintiffs' counsel is reasonable in light of the duration and extensive procedural posture of this case as explained in detail above. Moreover, as to the hourly rates[1] of the multiple attorneys from Goodwin & Goodwin involved in this matter, the Court concludes that the rates are reasonable and in line with the prevailing rates in this jurisdiction. *See Johnson v. Ford Motor Co.*, No. 3:13-cv-06529, 2018 WL 1440833, at *5-6 (S.D.W. Va. Mar. 22, 2018) (Eifert, M.J.) (collecting cases and concluding "that the prevailing rates for attorney services in this jurisdiction range from $150 to $550 per hour").

Further, the Court notes that the agreed upon fee award in this matter is fifty percent of the total settlement amount, which is an award that is typically upheld in FLSA actions in this district. *See Senior*, 2019 WL 4267488 at *4 (collecting cases and concluding "courts in this district typically uphold fee awards that approach 50% if the lodestar calculations behind those awards are reasonable"). Additionally, the Court finds that the novel complexities presented in this matter; the apparent experience, reputation, and ability of Plaintiffs' counsel in prosecuting similar collective actions; and the evident high degree of skill required to properly perform the services rendered for Plaintiffs in this extensive litigation all support the reasonableness of the proposed fee and cost award. Accordingly, the Court finds that the proposed $2,250,000.00 attorney's fee

---

[1] The hourly rates of the attorneys from Goodwin & Goodwin who worked on this matter range from $175 to $500 per hour. *See* [Doc. 395-2 at 1-2]. Furthermore, the Court notes that Magistrate Judge Aboulhosn previously approved Mr. Goodwin's hourly rate of $500 and Ms. Wittemeier's hourly rate of $400 in granting Plaintiffs' motion for sanctions against Act Fast. *See* [Doc. 144]. Specifically, Magistrate Judge Aboulhosn concluded that no reason existed to reduce the respective billing rates of Mr. Goodwin and Ms. Wittemeier given their combined legal experience of eighty-five (85) years and the prevailing market rates in this district for experienced attorneys. *See* [Doc. 144 at 7].

and costs award is reasonable.

## IV.

For the foregoing reasons, the Court finds the proposed settlement agreement is fair and reasonable in light of the bona fide disputes existing in this matter under the FLSA. The Court also finds that the proposed attorney's fee and costs award is reasonable. Accordingly, the Court **GRANTS** the parties' Joint Motion for Court Approval of Settlement [**Doc. 395**], **APPROVES** the parties' Settlement and Release Agreement [**Doc. 395-1**], and **DISMISSES** this matter **WITH PREJUDICE**.

ENTERED: August 18, 2020



Frank W. Volk
United States District Judge